## No. 10,244.

### THE STATE OF LOUISIANA VS. JÉROME ALECK.

1. The District Attorney is the legal adviser of the Grand Jury, and may be present at, and assist them in, their examinations of cases, provided he does not take part in their deliberations as to their conclusions and findings.

2. Under section 792, Revised Statutes, defining and punishing the offense of "assaulting another by willfully shooting at him," no other malice is made an ingredient of the offense except that legal malice which the law implies and presumes from the doing of an unlawful and injurious act without legal gratification. It was, therefore, no error for the judge, on advising the jury of the necessity of finding that the assault and shooting were unlawful and willful, to charge them that the law presumed such malice as the statute contemplated.

APPEAL from the Twenty-first District Court, Parish of St. Martin. *Mowton*, J.

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*Dan. Voorhies* and *Felix Voorhies* for Defendant and Appellant.

FENNER, J. The defense rests on five exceptions, viz:

1. The overruling of a motion to quash the indictment on the grounds of improper participation of the District Attorney in the deliberations of the Grand Jury.

The record satisfies us that the District Attorney took no part in the deliberations, not fully sanctioned by our recent decision in the case of State vs. Adam, 40 Ann. —.

2. The second and third bills are founded respectively on the permission of the following questions:

First, "Were you able to see, where he stood, how the parties were placed when the shot was fired?"

Second, "Where you stood, were you close enough to see how the parties were placed, when the shot was fired?"

The sole ground of objection was that the questions sought to elicit *opinions* from the witness instead of *facts*. The objection is utterly without merit.

3. The fourth bill was taken to the admission of a statement by a

witness to the effect that "immediately after the shot was fired and whilst accused and Beslin were clinched together, they caught hold of the accused to wrest from his hand the pistol which he held, succeeding in doing so only after a sharp scuffle with him." The offense charged was "unlawfully shooting at," and the judge states that the shooting referred to in the evidence was the one charged and that the intervention of the witnesses and their scuffle were parts of the same transaction without the slightest interval of time between them. On this statement his ruling that the incidents were part of the *res gestae*, is evidently correct.

4. The final exception is taken to the following portion of the charge of the judge :

"In cases of assault by wilfully shooting at, there is no necessity for the State to prove that it was maliciously done, because if the shooting at is proven, the law presumes that it was done with malice, for no one will shoot at another with any benevolent design."

We recently held under this very statute (R. S. § 792), that to "assault another by wilfully shooting at him " was, under the express terms of the statute, constituted a distinct and separate offense, and that it was sufficiently charged in the words of the statute without any allegation of malice or other intent. State vs. Brady, 39 Ann. 689.

Malice is not, by the statute, made an ingredient of the offense, except that legal malice which the law presumes from the doing of an unlawful act, and which is imported into the statute by the use of the word "assault," which, in its legal definition means "any *unlawful* physical force, partly or fully put in motion, creating a reasonable apprehension of an immediate physical injury."

The court did not exempt the State from the necessity of proving an *unlawful* assault and wilful shooting. On the contrary, in his written charge, the judge carefully advised the jury that "it is not in all cases that shooting at another is violative of law. In certain cases, as in self-defense, a person has a right to shoot at another," etc., proceeding to give illustrations.

The meaning of the charge is, therefore, nothing more than that the State was only bound to prove an *unlawful* assault and shooting, and that from such unlawful and injurious act, committed without legal justification, the law implied and presumed that intent which constitutes legal malice.

We think in this the judge did not err. Bishop Cr. Law, §429.

Judgment affirmed.