## WILLIAM McLELLAN *vs.* WILLIAM RICHARDSON.[*]

Where improper testimony has been admitted, with the assent of counsel, for further examination during the trial ; and the jury have been instructed in the charge, that such evidence ought not to have been received, and that it should not be considered by them as evidence in the case, a new trial will not be granted.

The County Attorney cannot be admitted, as a witness, to disclose the proceedings before the grand jury.

THIS was an action of *trespass*, for injuries done to the plaintiff's store, and was tried before *Parris J.* There were two

[*] EMERY Judge, was detained on the trial of indictments, and did not hear the arguments.

counts in the declaration for different trespasses with the space of a year between them. To maintain his action, it became important to the plaintiff to shew, that the defendant was near the store at the time the acts complained of were committed, and for this purpose he called a witness who testified, that he was one of the grand jury at a term of the Court of Common Pleas, when the defendant was called before them, as a witness on the complaint of the plaintiff, for committing the violence charged in one count of the declaration, and that the defendant there testified, that he saw a part of the injury complained of done and gave the name of the person by whom it was done, and related some conversation at the same time and place. The witness also stated, that no bill was found against any one on account of the transaction concerning which the enquiry had been made. After the witness had testified, that he was a grand juror and to a portion of the other facts stated, the defendant's counsel enquired, if it was proper to receive testimony from a grand juror of what had taken place before them in the course of their official examination. Some observations were made by the counsel on each side, the plaintiff's contending for its admissibility, and the defendant's doubting it, and wishing to make it a question.

In this stage of the proceedings, it was suggested by the Judge, that inasmuch, as the witness had testified thus far without objection, and as it might be a question of some doubt, it might be well that the witness should proceed and finish his testimony, and before the cause was committed to the jury the question could be further examined and the jury be charged thereon ; to which suggestion the defendant's counsel bowed, as was understood by the court, in token of assent. No objection to the course suggested was made or intimated in any manner. The court charged the jury, that whatever transpired before the grand jury ought not to be given in evidence, and that the testimony of the witness therefore should not be considered by them, as evidence in the case.

On the whole evidence in the case the jury returned a verdict for the plaintiff on one count, but found him not guilty on the count setting forth the acts in relation to which the enquiry was made before the grand jury. The verdict was taken subject to

the opinion of the whole Court on these facts reported by the Judge.

The defendant also filed a motion for a new trial, because the verdict was against law and evidence. He also filed a motion for a new trial, because since the trial he had discovered, that one of the jurors who returned the verdict had been one of the grand jurors before whom the complaint before mentioned was examined.

On the hearing of the case before the whole Court, the defendant's counsel offered the juror to prove, that he acted on both juries. He also offered the then County Attorney to prove, that the subject matter of the present action had been investigated by that grand jury.

On the case presented by the report,

*Mellen and Daveis*, for the defendant, contended that the testimony of the juror giving the statement of the defendant, when before the grand jury, was calculated to excite a prejudice against him, and to operate to his injury. This improper testimony came into the case without the fault of the court or the counsel, but being there the Judge's telling the jury in his charge to disregard it, could not place the defendant as well before them, as if the testimony had not been given in. The impression created by it might have been the very thing which turned the verdict against us.

*Fessenden & Deblois*, for the plaintiff, were informed by the Court, that argument on their part was unnecessary at present.

On the motion for a new trial, because the juror had been on the grand jury,

*Mellen & Daveis* contended, that it was competent to prove by the juror and by the County Attorney, in the mode proposed, that the juror was on the grand jury when the subject matter of the present suit had been investigated before them; and that these facts, when established by proof, furnished sufficient cause for a new trial. There are cases where the facts transpiring in the grand jury room may be shown even by the jurors themselves. *Low's case*, 4 *Greenl.* 446; *State* v. *Smith*, *ibid*, 450. And they argued, that these cases prove, that inquiries beyond those proposed to be put in this case may properly be put in to the ju-

ror, and answered by him. It was said, that the County Attorney was under no oath, but the general oath of office to discharge his duty faithfully, and was not bound by it to secrecy, or prohibited by it from testifying. It is only proposed to prove by him what the subject of the inquiry before the grand jury was; but not what were their counsels or proceedings.

To shew that a new trial ought to be granted, if the statement in the motion can be proved in the proposed mode, they cited *Commonwealth* v. *Hussey*, 13 *Mass. R.* 221.

*Fessenden & Deblois*, for the plaintiff, argued, that the objection to a grand juror's being a witness, arises not only from their oath, but from motives of public policy ; from the necessity that the proceedings in the jury room should be kept secret, that the accused should not escape from justice ; nor the truth be suppressed by witnesses from fear of a powerful, or a bad man. And they urged, that the reasons were stronger against admitting such proceedings to be disclosed by the County Attorney, than by the jurors.

The objection comes too late. A new trial will not be granted, even where good cause of challenge to a juror existed, if the party neglected to avail himself of it on the trial. *Jeffries* v. *Randall*, 14 *Mass. R.* 205 ; *Haskell* v. *Beckett*, 3 *Greenl.* 92. Jurors cannot be permitted by their testimony to impeach a verdict. *Taylor* v. *Greely*, 3 *Greenl.* 204 ; *Purinton* v. *Humphreys*, 6 *Greenl.* 379 ; *Vaize* v. *Delaval*, 1 *T. R.* 11 ; *Jackson* v. *Williamson*, 2 *T. R.* 281 ; *Dorr* v. *Fenno*, 12 *Pick.* 521 ; *Cluggage* v. *Swan*, 4 *Binney*, 150.

But they may be called to sustain it. *Little* v. *Larrabee*, 2 *Greenl.* 37 ; *Haskell* v. *Beckett*, 3 *Greenl.* 92 ; *Dana* v. *Tucker*, 4 *Johns. R.* 487 ; *Parrott* v. *Thatcher*, 9 *Mass. R.* 426.

If the testimony be admissible, it furnishes no ground for a new trial. No bill was found, and the bias, if any there was, must have been in favor of the defendant, not against him.

The opinion of the Court, after time taken for advisement, was drawn up by

WESTON C. J. — With regard to the course pursued in the examination of the grand jurors, it must be understood to have been

assented to by the counsel for the defendant, and therefore furnishes no ground of exception on his part. Besides, the jury were instructed to disregard that testimony ; and they acquitted the defendant of that part of the charge, to which they testified.

For the purpose of establishing the objection taken to the verdict, that *Robert Dunning*, one of the traverse jury, had before been a grand juror in the Common Pleas, before whom and his fellows, it is averred that an investigation was had, as to the guilt of the defendant, his counsel move the court, that the County Attorney may be examined on oath, in regard to what took place before them. This motion is resisted ; and upon consideration we are of opinion, that it ought to be overruled. It is the policy of the law, that the preliminary inquiry, as to the guilt or innocence of a party, against whom a complaint has been preferred, should be secretly conducted. In furtherance of the same object, every grand juror is sworn to secrecy. One reason may have been, to prevent the escape of the party charged, to which he might be tempted, if apprized of the proceedings in train against him. Another may have been, to promote freedom of deliberation and opinion among the grand jury, which might be impaired, if it were known that the part taken by each, might be disclosed to the accused or his friends. A timid juror might in that case be overawed by the power and connections of an individual charged. If this motion were sustained, every thing done in the grand jury room might be unveiled, whenever the same subject matter was on trial before the traverse jury. It would be to open a door, which the law intended should be closed.

Whatever examination was gone into before the grand jury, no bill was preferred against the defendant. It is not then to be presumed, that any one of them was satisfied of his guilt. It is further stated and not denied, that the jurors generally, before the trial commenced, were inquired of, whether they had formed any opinion, or were sensible of any bias upon their minds, in relation to the case. Upon such an inquiry, every juror, conscious that he did not stand indifferent, should, and it may be presumed would, disclose the fact.

Upon the whole, we perceive no reason to doubt, that the defendant had a fair trial.          *Judgment on the verdict.*