## THE PEOPLE *vs.* HULBUT.

Grand jurors being sworn to secrecy, what takes place before them cannot, generally, be disclosed.

Besides the exception to this rule by the statute authorizing grand jurors to be examined in prosecutions for perjury, and to show that a witness has contradicted on the trial what he had sworn to before the grand jury, (2 *R. S.* 724, § 31,) a grand juror may be asked who was the prosecutor of a particular indictment. *Per* BRONSON, C. J.

But a grand juror cannot be called to impeach the conduct of the jury; as, for example, to show that an indictment presented by them was found without testimony, or upon insufficient testimony.

Therefore, where on the trial of an indictment for selling liquor without a license which charged five offences, in separate counts, the defendant, in order to limit the proof to a single count, offered to show by one of the grand jury, that only one offence was sworn to before that body; *held*, that the evidence was inadmissible.

An indictment is a record, and cannot be impeached by plea or evidence upon the trial.

But it may be set aside, on motion, for having been found by less than the legal number of grand jurors. *Per* BRONSON, C. J.

Whether an indictment can be set aside, or amended on a motion, for having been found without evidence, or upon insufficient evidence, *quere*. *Per* BRONSON, C. J.

It is competent for the prosecutor of an indictment for selling liquor without a licence, to prove that the defendant kept a bar with bottles in it.

INDICTMENT for selling strong and spirituous liquors, to be drank in the defendant's house, without a license. The indictment contained five counts. The first four counts severally charged that the defendant sold to *divers citizens* of this state. The fifth count charged a sale to *John Flanders*. On the trial at the Genesee general sessions in February, 1846, John Flanders was sworn as a witness for the people, and gave evidence of a sale of liquor to him by the defendant's son, at the public house kept by the defendant. Jacob Geyser testified that the defendant kept a public house at Leroy. The district attorney asked the witness if he had seen the defendant sell liquor. The defendant objected that the question was so general as to call for proof of offences which were not presented to the grand jury; and he offered to prove that the facts within the knowledge of the witness had never been presented to, or

passed upon, by the grand jury. The court overruled the defendant's objection, and rejected the evidence which he offered to give. Exception. The witness answered the question put to him. The district attorney asked him, whether the defendant kept a bar with bottles in it. The defendant objected to the question as improper. Objection overruled; exception; and witness answered the question in the affirmative. The defendant then requested the court to instruct the district attorney to give evidence of no specific offence which was not presented to and passed upon by the grand jury. The court refused so to do, and added, that it was proper for the district attorney to prove any offence which was described in the indictment, whether it was presented to and passed upon by the grand jury or not. Exception. On cross-examination the witness said he did not testify before the grand jury. Jacob Kinne, another witness for the people, testified, on cross-examination, that he was not before the grand jury.

The defendant called Asahel Peck, one of the grand jurors who found the bill, and asked him what witnesses were sworn before the grand jury on the complaint upon which the indictment was found. The district attorney objected to the question, but the objection was overruled, and the witness answered that John Flanders was the only witness examined before the grand jury on this complaint. The defendant then offered to prove that no evidence was given, on the complaint, of any offence except that stated in this case in the evidence of said Flanders; and that the grand jury passed upon no other. Overruled, and exception. The defendant requested the court to direct an acquittal on all the counts except the last. Refused, and exception. The court charged the jury that they had nothing to do with the question whether the offences proved before them were the same as those passed upon by the grand jury; and the court refused to charge in any other way. The court also refused to charge that the jury was bound to acquit the defendant on all the counts but the last. Upon all of these points the defendant excepted. The defendant was convicted, and the case came here by *certiorari*.

*J. H. Martindale*, for the defendant, cited 17 *Wend.* 475; 1 *Chit. Cr. L.* 319, 20; *Cowen & Hill's Notes to Phil.* 1575; 1 *Denio*, 574.

*C. Tracy*, for the people, cited *Selwyn N. P., by Wheaton*, 1091; 1 *Phil. Ev.* 288; 2 *R. S.* 724, § 31; *Roscoe's Cr. Ev.* 150; *Cowen & Hill's Notes to Phil.* 749.

*By the Court*, Bronson, Ch. J. Grand jurors are sworn to secrecy; and, as a general rule, what takes place before them is privileged from disclosure. The clerk of the grand jury cannot be compelled to reveal the proceedings before them; (*Vin. Ab., Evidence (B. a.)pl.* 5,) nor can the county attorney. (*McClellan* v. *Richardson*, 13 *Maine Rep.* 82.) And in Massachusetts it has been held, that the attorney for the commonwealth cannot be called to disclose what passed in the grand jury room. (*Commonwealth* v. *Tilden*, 2 *Stark. Ev.* 324, *note*.) But, in an action for maliciously indicting the plaintiff, Lord Kenyon allowed a grand juryman to be asked whether the defendant was the prosecutor of the indictment. He thought such a disclosure did not infringe upon the juryman's oath. (*Sykes* v. *Dunbar*, 2 *Selw. N. P.* 1091, *ed. of '*39; *Roscoe Cr. Ev.* 150, *ed. of '*36.) The same has been held in Pennsylvania. (*Huidelcoper* v. *Cotton*, 3 *Watts*, 56.) In this state members of the grand jury may be called for the purpose of showing that the testimony of a witness examined before them was either consistent or inconsistent with the testimony which he gives on the trial; and also for the purpose of indicting, or trying the witness for perjury. (2 *R. S.* 724, § 31.) The same thing had, I know, been held by some of our subordinate courts of criminal jurisdiction, before the statute was enacted. There is nothing in requiring such disclosures which is calculated to restrain freedom of deliberation and opinion among the grand jurors, or to overawe them in the discharge of their duty. (*See McLellan* v. *Richardson*, 13 *Maine*, 86.) But here, the evidence which the defendant proposed to give could amount to nothing less than an impeachment of the grand jurors. They

had found a bill charging the defendant with five different offences; and the substance of the offer was, to show that only one offence had been proved before them. It cannot be proper to allow the jurors to be thus assailed. To permit the question to be tried over again in another place, whether the indicting jurors had sufficient evidence, or any evidence, to warrant their finding, would be plainly contrary to the policy of the law, which, in every thing that may affect the jurors themselves, has placed the seal of secrecy upon their proceedings.

There is a further objection to the evidence which the defendant wished to give. The indictment, when presented in due form by the grand jury, and filed in court, is a record; and like other records, imports absolute verity. It cannot be impeached unless it be done upon motion, by showing that it was not founded upon sufficient evidence, or that there was any other fault or irregularity in the proceedings. It can neither be done by plea averring against the record, nor by evidence on the trial. In *Low's case,* (4 *Greenl.* 439,) the grand jurors were allowed to testify that they acted under the mistaken impression that it was sufficient if a majority of the jurors concurred in finding the bill; and that twelve of their number had not in fact agreed to the bill in question. But this was not on a trial before the traverse jury, but on a motion; and the court fully recognized the distinction between attacking a record in a collateral proceeding, and a motion to set aside or amend it. So long as the record remains, no defect in the evidence upon which it was founded, nor any irregularity in the proceedings, however great, can furnish any answer to it. But when the ends of justice require it, a record may be set aside on motion; and when set aside that is an end of it.

If the defendant, instead of pleading and going to trial on the indictment, had moved to quash or set it aside, or to strike out the first four counts, it is possible that the motion would have been granted. But that is a question on which I do not intend to express any opinion. On the trial, neither the court nor the jury could have any thing to do with the proceedings in the grand jury room. Their only office was to inquire

whether the defendant was guilty of the offences laid to his charge.

This disposes of all the questions made on the argument, except the objection to allowing proof that the defendant kept a bar with bottles in it. This was after evidence had been given that the defendant kept a public house. It would be strange indeed that a man may be convicted of murder upon circumstantial evidence; and yet the same kind of evidence may not be given when the trial is for selling spirituous liquor without a license. There is nothing in the objection.

New trial denied.