## Case No. 16,361.

### UNITED STATES v. SOUTHMAYD.

[6 Biss. 321; 1 N. Y. Wkly. Dig. 155; 8 Chi. Leg. News, 1; 21 Int. Rev. Rec. 164; 22 Pittsb. Leg. J. 150; 7 Leg. Gaz. 316.] [1]

Circuit Court, E. D. Wisconsin. March 18, 1875.

CRIMINAL LAW—LIST OF WITNESSES FOR ACCUSED—MINUTES OF GRAND JURY.

1. In all criminal cases in which there has been no preliminary examination, it is within the discretion of the court to order a list of the witnesses sworn before the grand jury, to be furnished to the accused.

[Cited in Parks v. State, 20 Neb. 515, 31 N. W. 5.]

2. He is not, however, entitled to the minutes of the proceedings before the grand jury, nor, in the absence of strong reasons to the contrary. should they be furnished him.

The defendant [Ld. Southmayd] was indicted for the alleged forgery of a postal money order, and for passing such order. There was no preliminary examination previous to the finding of the indictment. The defendant's counsel moves for an order requiring the district attorney to furnish him with a list of the witnesses sworn before the grand jury and with the minutes of their testimony, basing his application upon the fact that there was no preliminary examination, and claiming that he is entitled to know who the witnesses were who appeared before the grand jury and what their testimony was, in order to prepare for trial. The application, so far as it relates to the production of a list of the witnesses, is not resisted, but opposition was made to disclosure of their testimony.

Levi Hubbell, U. S. Dist. Atty.

J. G. Jenkins, for defendant.

DYER, District Judge. There are cases reported in the books in which the courts, in the exercise of a proper discretion, have ordered a list of the witnesses to be furnished to the accused where he has had no preliminary examination before a magistrate. The statutes of the United States provide that when any person is indicted of treason, or of any other capital offense, he shall be furnished with a copy of the indictment and a list of the witnesses to be produced at the trial. Rev. St. U. S. 1874, tit. 13, c. 18, § 1033. I find no similar provision in relation to other offenses. I have no doubt, however, that in all cases in which there has been no preliminary examination, it is within the discretion of the court to order a list of the witnesses sworn before the grand jury to be furnished to the accused. People v. Naughton, 7 Abb. Prac. (N. S.) 421, is relied upon by counsel for defendant as an authority in support of his motion, not only as to furnishing a list of witnesses, but as bearing upon his right to the minutes of their testimony. In that case the defendants were indicted for alleged frauds in the conduct of certain elections. The motion papers set forth that the accused were indicted without preliminary examination; that they had no means of knowing the particular time, place or circumstances relied on by the people; that, at different times during the day on which the charges were laid, a large number of persons were present at the voting place, and, unless the accused could ascertain the precise time at which they were charged to have committed the offenses, it was impossible for them to determine what witnesses to summon, or in any manner to prepare for trial; and that important irregularities occurred in the proceedings of the grand jury, fatal to the validity of the indictment, which the minutes of testimony would disclose. Most of the discussion, in the opinion of the court in that case, is addressed to the question of the right of the accused to a list of the witnesses. The case discloses that it had been customary in many of the counties of the state of New York, before the passage of any statute on the subject, for the district attorney to indorse the names of witnesses on an indictment, and then send the same to the grand jury to be investigated. The names of the witnesses came, therefore, to be regarded as much an indorsement as the words, "True bill," and, consequently, the statute subsequently passed provided that the accused should be entitled "to a copy of the indictment and of all indorsements thereon." We have the same provision in the statutes of this state. Upon the practice as it had grown up in New York, and upon the statutes, there can be no doubt of the correctness of the decision of the court in People v. Naughton, supra, requiring a list of witnesses to be furnished.

The case of Com. v. Knapp, 9 Pick. 496, so far as it is applicable here, presented only the question of the right of the accused in a capital case to a list of the witnesses for the state. Although it was urged that this was not a matter of right, except under the statute of treason, Wilde, J., says, "a list of the witnesses has never been refused, in a case of this kind."

If the determination of the question, now presented, depended upon authority, I do not regard the case of People v. Naughton, supra, as settling the point. It is not asserted here that any irregularities occurred in the proceedings before the grand jury, involving the validity of the indictment. In that case, the application for the minutes of testimony was based principally upon such alleged irregularities, claimed to be fatal to the indictment, and which the minutes would disclose, and this branch of the motion was denied, for the reasons that the motion papers did not

[1] [Reported by Josiah H. Bissell, Esq.. and here reprinted by permission. 1 N. Y. Wkly. Dig. 155, contains only a partial report.]

state wherein the proceedings of the grand jury were irregular, or wherein an inspection was essential to protect the rights of the defendant, or that he could not more properly derive the information sought from other sources. The strictness of the rule on the subject was rigidly enforced, and the court say (page 432), that "it is only within certain restrictions that any inspection of the minutes can be allowed."

In Earl of Strafford's Case, 3 Howell, State Tr. 1382, the court, on application, ordered the witnesses before the grand jury examined in open court. But that was a case where an attempt was made to procure an indictment for high treason against the earl. It is the general rule that the proceedings before a grand jury are privileged from disclosure. The cases are exceptional in which the rule is not adhered to. In an action for maliciously indicting the plaintiff, Lord Kenyon allowed a grand juryman to be asked whether the defendant was the prosecutor of the indictment; and thought the disclosure did not infringe upon the juryman's oath. Rosc. Cr. Ev. 150. In that case the alleged cause of action itself sprung from the act of the party in procuring the indictment.

Following the general rule, it is held that the clerk of the grand jury cannot be compelled to disclose the proceedings before them, nor can the county attorney. McLellan v. Richardson, 13 Me. 82. In Massachusetts it has been held, that the attorney for the commonwealth cannot be called to disclose what passed in the grand jury room. Com. v. Tilden, 2 Starkie, Ev. 324, note.

In the absence of strong reasons to the contrary, the rule ought not to be departed from. I think it should be adhered to in this case, to the extent of denying the application for the minutes of testimony. A list of the witnesses sworn before the grand jury should be furnished to the defendant.