# William A. Trescott
## v.
## Albert Gross et al.

*Sales—Hickory Nuts—Failure to Ship—Evidence—Instructions—Dam-ages—New Trial.*

1. In an action to recover damages for failure to ship a car load of hickory nuts according to contract, this court reverses the judgment in-behalf of defendants as contrary to the evidence.

2. An offer to enter into a new contract by a person guilty of a breach of a former one, does not absolve him from liability for such breach.

3. It is error to give an instruction which has no basis in the evidence.

[Opinion filed January 10, 1889.]

In error to the Circuit Court of Clinton County; the Hon. Amos Watts, Judge, presiding.

Messrs. D. Kingsbury and M. P. Murray, for plaintiff in error.

Messrs. Van Hoorebeke & Ford, for defendants in error.

Green, P. J. This suit was commenced by plaintiff in error to recover damages from defendants in error for breach of contract to deliver car load of hickory nuts bought of them by plaintiff. The amount, price and time of delivery was fixed by defendants, and agreed to by plaintiff. The jury, found a verdict for defendants, plaintiff's motion for a new trial was overruled and the court entered judgment on the verdict; plaintiff sued out this writ of error to reverse the judgment.

We have examined the record in this case carefully and are unable to find any evidence to sustain the verdict. Negotiations were entered into between the parties in the early part of November, 1886, the price was fixed at fifty-five cents per bushel, and the contract was finally consummated by correspondence, comprising letter of November 14, 1886, from defendants to plaintiff, stating they had obtained rates from the O. & M. direct to Fairport (the residence of plaintiff and ten miles from Rochester, N. Y.), making the cost per bushel there about seventy-one cents; that they would order white lime car and fill in not less than 750 bushels, adding, " We can safely say one week from to-morrow we will ship them." Also a letter in reply from plaintiff to defendants dated November 18th, stating he did not want that car at Fairport but did want it at Rochester, and directing defendants to rush that car up quick as possible; to which letter defendants replied by telegram of date November 21, 1886, sent to plaintiff: " Will ship to Rochester Tuesday." After the contract had been thus concluded, defendants did not comply, or offer to comply

Trescott v. Gross.

with the terms on their part to be performed, but on November 26, 1886, shipped and sold a car load of nuts to parties in Cincinnati, and put it out of their power to fill the contract with plaintiff. Moreover, on the same day they wrote to plaintiff declining to perform the contract, for the reason (as stated) that wood-fires and heavy snows and rains had caused the stock to be dark and poor looking, and when plaintiff, on November 27th, in reply to this letter, advised them that relying on their promise to "ship to Rochester Tuesday," he had sold to parties in Fairport and Rochester, and they *must* send the nuts, defendants on November 29th, wrote expressing surprise at receiving plaintiff's telegram of November 27th, and reiterating as reason for breaking their contract, that the nuts are dark and black, and as an additional reason, say, "These snows we had and are still having, checked the whole nut traffic, save the few people gathered during good weather. It will be impossible to get them even if we had to squeeze every farmer out of those few they have." On the trial it was not disputed the contract had been concluded, and that defendants had failed to perform on their part; but in addition to the reasons above mentioned for such default, they set up as a defense, they had received information when they had partly loaded the car shipped to Cincinnati, that plaintiff was insolvent. This, it seems to us, was a mere subterfuge. They had known plaintiff for several years and knew his circumstances, and with such knowledge made the contract. They declined to perform, not because he was insolvent, and when informed he would hold them to the performance, again urged as an excuse the poor quality and scarcity of nuts, without demanding pay and giving plaintiff an opportunity to comply with such demand; and plaintiff testifies he was ready, willing and able to pay. It does not appear the nuts shipped to Cincinnati were of poor quality, but the returns indicate a larger price was received by defendants for them than the price which plaintiff was to pay. The defense set up was without merit. It was error to give the second instruction for defendants, because by the terms of the contract the time was limited within which defendants agreed to deliver, and it was

also error to give the third instruction for defendants, as there was nothing in the evidence to warrant it. The offer by defendants to make a new contract with plaintiff on December 7th, he was under no obligation to accept, nor did such offer absolve them from liability for the breach of the contract made by them. The verdict should have been set aside, and it was error to overrule plaintiff's motion for a new trial. For the errors mentioned the judgment is reversed and cause remanded.

*Reversed and remanded.*