[Filed April 30, 1891.]

## THE STATE OF OREGON v. J. Q. ADAMS.

CRIMINAL LAW — EVIDENCE — GRAND JURY — INSTRUCTIONS.— In a prosecution for gambling, it is not proper for the defense on cross-examination of the state's witnesses or otherwise to introduce evidence tending to prove that the particular act of gambling investigated by the grand jury was different and occurred on a different day in the same month in a different place in the same town from the one then being investigated before the trial jury, and an instruction based on such evidence is properly refused.

Lake county:   L. R. WEBSTER, Judge.

Defendant appeals.   Affirmed.

By the indictment in this case the defendant was charged with the crime of dealing, playing and carrying on a game of faro on the 29th day of September, 1890, in Lake county, Oregon.   Upon a trial before a jury he was convicted, from which judgment he has appealed.   The other facts appear in the opinion.

*H. K. Hanna, Warren Truitt, W. A. Wilshire,* and *C. A. Cogswell,* for Appellant.

*W. M. Colvig,* district attorney, for Respondent.

STRAHAN, C. J.— The first question made by the appellant is disposed of by *State* v. *McDaniel, ante,* 523, decided at this term, and need not be further noticed.   Upon the trial in the court below, counsel for the defendant was permitted to ask some of the state's witnesses on cross-examination in relation to what particular act of gambling they testified to before the grand jury, and it appearing that the act then under investigation before the jury occurred at a different place, in the same town, and on a different day from that laid in the indictment, defendant's counsel moved to strike out all the evidence in relation to it, but the court overruled the motion, to which an exception is taken.   At the conclusion of the evidence, the defendant's counsel asked several

instructions, each of which was designed to present the same question. It will, therefore, be necessary to notice but one of them. Number five, which was asked and refused, is as follows: "5. The defendant cannot be convicted of any other crime than the one for which he is indicted. He cannot, under this indictment, be convicted of a similar crime committed on another day or in another place. If the defendant was indicted for dealing, playing and carrying on a particular game of faro, which was played on September 29, 1890, at Stanley's club-room, in the town of Lakeview, Oregon, he cannot be convicted of the crime of dealing, playing or carrying on the game of faro on September 12, 1890, at the club-room adjoining the saloon of Lane in said town."

The evidence elicited on cross-examination of some of the state's witnesses as to what particular place the game of faro testified to by them before the grand jury was conducted, was clearly improper. It was not proper cross-examination, and raised an inquiry that could not be permitted. If that step were taken, the entire secrets of the grand jury room would be opened to inquiry and the policy of the law on that subject thwarted. This kind of investigation has never been permitted in any case that I have been able to find, nor has counsel setting up this right been able to fortify it by a single decision of any court. On the contrary, whenever this line of investigation has been attempted, the courts have decided against it. (*State* v. *Fasset,* 16 Conn. 458; *State* v. *Baker,* 20 Mo. 339; *People* v. *Hulbut,* 4 Denio, 133, 47 Am. Dec. 244.)

Both time and place must be alleged in every indictment; but the only object of alleging time, unless it enters into the nature of the offense, is to show that the prosecution is not barred by the statute of limitations, and generally the only object of alleging place, is to show that the offense was committed within the political subdivision of the state over which the court has criminal jurisdiction. These principles are elementary and statutory, and need no citation of authorities.

It follows that there was no error in the judgment appealed from, and it must be affirmed.