JACOB SHOOP

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Dram Shops—Intoxicating Liquors—Sale Without License.*

1. The affidavits of the grand jury in a given case can not be heard to impeach their finding, as evidenced by the return of an indictment into open court, nor can the affidavit of the officer having them in charge be heard for that purpose.

2. A state's attorney may properly be in the presence of the grand jury, while inquiry is being made into the case of a person named. This court commends such practice.

3. Where a person is indicted for the sale of intoxicating liquors without a license, the contention that each count after the first should be quashed, for the reason that they do not aver that the intoxicating liquor sold was " other intoxicating liquors," is trivial and should not be considered.

[Opinion filed May 20, 1892.]

IN ERROR to the Circuit Court of Ogle County; the Hon. JAMES SHAW, Judge, presiding.

Messrs. FRANC BACON and E. F. DUTCHER, for plaintiff in error.

Mr. D. W. BAXTER, State's Attorney, for defendants in error.

MR. JUSTICE HARKER. The plaintiff in error was indicted, tried and convicted at the August term, 1891, of the Ogle County Circuit Court, for the sale of intoxicating liquors without a license. He was sentenced to thirty days' imprisonment on the first count, and to pay a fine of $50 on the second and third counts, and to pay the costs and to stand committed until the same was paid. Judgment was rendered and sentence began September 3, 1891.

From this judgment the plaintiff in error brings the cause here and assigns as errors the overruling of a motion to quash the indictment, the admission of improper evidence on the part of the people, the exclusion of proper evidence offered by defendant, the giving of improper instructions for the people, the refusing and modifying defendant's instructions, and the overruling of a motion to amend the record of the return of the indictment, by showing that a true bill was not returned.

The record of the indictment is not abstracted, but counsel for plaintiff in error say in their brief that there were eight counts charging sale of intoxicating liquors without a license. The only objection urged is that each count after the first does not aver that the intoxicating liquor sold was "other intoxicating liquors." That each count after the first should have been for that reason quashed, is a contention so trivial as to be hardly worthy of consideration.

We see no error of the court either in ruling upon evidence or in passing on the instructions offered. The evidence clearly shows that plaintiff in error was running a drinking place in connection with one Gitchell, without a license and in violation of law. It was amply sufficient to support a conviction on three counts.

It was suggested that a less number than twelve of the grand jurors had agreed to a return of the indictment, and in support of a motion to amend the record in that regard, the affidavits of several of the grand jury and the officer having them in charge were presented. The affidavits of the grand jury could not be heard to impeach their finding, as evidenced by the return of the indictment into open court, nor could the affidavit of the officer be heard for that purpose. The reasons for this rule are given in the opinion in Gitchell v. The People, 45 Ill. App. 116, and need not be repeated here.

Complaint is made of the presence of the state's attorney before the grand jury, while inquiry was being made into the case against plaintiff in error. We think his presence there was entirely proper. Upon the state's attorney more

than any other officer rests the responsibility of enforcing and vindicating the criminal law. Familiar as he is with the criminal law and the rules of evidence, he can, by his presence, not only aid the grand jury in keeping them upon proper subject-matters of inquiry, but in expediting their business. We commend the practice, which, as we understand, generally prevails, of the state's attorney thus aiding the grand jury when called upon by them to do so.

Perceiving no error in the record, the judgment will be affirmed.

*Judgment affirmed.*

MR. JUSTICE CARTWRIGHT took no part in the decision of this case.