JESSE D. GITCHELL

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Indictments—Inquiry as to Finding of—Grand Juries—Change of Venue—Dram Shops.*

1. It has ever been the policy of the law in this State, to keep strictly secret the action of grand jurors in the grand jury room. Grand jurors not only act upon the testimony of persons who voluntarily appear before them, but it is their duty, individually, to bring before their body

any knowledge or information they may have of a criminal act being committed and ask that it be inquired into.

2. The reasons which support the rule that a petit juror will not be heard to impeach the verdict of the jury of which he was a member, apply with greater force to a grand juror who attempts to impeach the finding of that body.

3. Affidavits of grand jurors can not be heard in support of a motion for the court to inquire into the facts touching the finding of the bill in a given case, and to amend the record as to its return, nor is it proper to hear them in support of a motion to quash an indictment, upon the ground that it had not been found or agreed to properly.

4. It is not proper to show by the officer who had the grand jury in charge, that twelve members did not agree to the indictment so returned.

5. A grand juror may, upon a trial before a petit jury, contradict a witness whose testimony on the trial is different from what it was before the grand jury. It is allowed in the interest of justice and to prevent the success of perjury.

6. Where a petition for a change of venue and the affidavits in support of it are fully met in a given case by the denial of the state's attorney, and the affidavits of a large number of citizens, it is sufficient for the counter affidavits to deny the existence of prejudice; it is not necessary to deny the facts set up in the petition.

[Opinion filed May 20, 1892.]

In error to the Circuit Court of Ogle County; the Hon. John D. Crabtree, Judge, presiding.

At the August term, 1891, of the Ogle County Circuit Court, an indictment, charging the plaintiff in error in twenty-four counts with violating Sec. 2 of the Dram Shop Act, and in one count with violating Sec. 7 of that act, was returned into open court by the grand jury. At the same term of court, after the making and overruling of motions to quash the indictment, to continue the cause, and to change the venue on account of the prejudice of the inhabitants, a trial was had resulting in a verdict finding the plaintiff in error guilty on fifteen counts for violating Sec. 2 and on the one for violating Sec. 7 of the act. It was then suggested to the court that the indictment had not been found nor agreed to by twelve grand jurors, and leave was asked to file *nunc pro tunc* in support of

the motion to quash the indictment, before the trial made, the affidavits of fourteen grand jurors and that of the officer who had charge of the grand jury. This was denied. Thereupon plaintiff in error moved the court to inquire into the facts touching the finding of the bill, and to amend the record as to its return. In support of the motion, the affidavits of several grand jurors and the officer having charge of the grand jury were presented, showing that while the grand jury voted to indict the defendant for selling liquor in violation of Sec. 2, twelve members did not vote to indict him for maintaining a nuisance in violation of Sec. 7. In opposition, the people presented the affidavits of several grand jurors, showing that more than twelve members voted for the bill just as it was returned, including the count under Sec. 7.

The court overruled the motion to amend the record, overruled motions for a new trial and in arrest of judgment, and upon the verdict of the jury sentenced the plaintiff in error to confinement in the county jail for thirty days, and to pay a fine of $470 and costs, the imprisonment being on the first count, and the fine on the other counts on which he was found guilty.

Plaintiff in error brings the record to this court for review and seeks a reversal because of error in denying the petition for a change of venue, overruling the motion to quash the indictment, overruling the motion to amend the record, and because of erroneous instructions.

Messrs. E. F. DUTCHER, FRANC BACON and D. D. O'BRIEN, for plaintiff in error.

Mr. D. W. BAXTER, State's Attorney, for defendants in error.

MR. JUSTICE HARKER. The evidence was abundantly sufficient to warrant the jury in finding the plaintiff in error guilty on fifteen counts for selling liquor without a license, and in finding that the place where he sold and kept was a nuisance.

We see no error in the instructions given in behalf of the people, and none in the ruling of the court denying the application for a change of venue on account of the prejudice of the inhabitants. The petition for a change of venue and the affidavits presented in support of it were fully met by the denial of the state's attorney and the affidavits of over one hundred citizens of the county. It was sufficient for the counter-affidavits to deny the existence of prejudice in the county against the defendant, and not necessary to deny the facts set up in the petition, on which the defendant founded his belief of such prejudice. Dunn v. The People, 109 Ill. 635.

The only question worthy of very serious consideration, is the one arising upon the inquiry as to whether the indictment had been legally found and returned by the grand jury. While we would be justified in holding that it was as found in the light of the affidavits heard upon the motion to amend the record, we prefer, on account of the importance of the question, and for the purpose of condemning such a practice, to place our holding upon higher ground.

The position assumed by counsel for plaintiff in error, is, that after trial and a verdict of guilty, upon an indictment properly indorsed and returned into open court, the defendant may institute an inquiry as to whether twelve members of the grand jury voted in favor of finding the indictment, and may present the affidavits of grand jurors and the officer in charge of that body in the negative. In support of the position, counsel have cited decisions of the Supreme Courts of Maine, North Carolina and Montana. Low's Case, 4 Me. 439; State v. Symonds, 36 Me. 130; State v. Horton, 63 N. C. 595; Territory v. Hart, 14 Pac. Rep. 768.

While those cases seem to support the position, we are not favorably impressed with the reasoning employed, nor the conclusions reached.

It has ever been the policy of the law in our State to keep strictly secret the action of grand jurors in the grand jury room. Secrecy is not only consistent with, but essential to the nature of the institution. The reasons are not confined

to the dangers incident to persons indicted, learning of the
fact before being arrested. The grand jurors not only act
upon the testimony of persons who voluntarily appear be-
fore them, but it is their duty individually to bring before
their body any knowledge or information they may have
of a criminal act being committed, and ask that it be in-
quired into. How important to a faithful, free and unre-
strained discharge of that duty is the assurance to each
member, that what he does and how he votes are deposited
as inviolable secrets in the breasts of his fellows?

Sec. 472 of the Criminal Code (1 Starr & C. Ill. Stats. 859),
reads : " No grand juror or officer of the court or other per-
son, shall disclose that an indictment for felony is found, or
about to be found against any person not in custody or
under recognizance, except by issuing process for his arrest,
until he is arrested; nor shall any grand juror state how
any member of the grand jury voted, or what opinion he
expressed on any question before them; and the court, in
charging said jury, shall impress upon their minds the pro-
visions of this section. A violation of this section shall
subject the offender to an attachment, as for contempt of
court, in which he may be fined not exceeding $500." It
seems absurd that a court, having charged the grand jury
when about to enter upon the discharge of their duties as to
the provisions of this section, and having explained to them
the importance and the reasons for the statutory inhibition
against disclosures, may, at the same or a subsequent term,
publicly, and perhaps in the presence of a court room full
of spectators, inquire of the grand jurors what opinions
were expressed and how the individual members voted. To
allow an inquiry of the kind contended for to be put on
foot by a convicted defendant, would subject grand jurors
to influences utterly destructive of our system for bringing
criminal offenders to punishment. The dangers of intimida-
tion and corruption in cases where defendants are backed
by numerous friends and great wealth must be apparent to
every one. Again, when a grand jury returns an indict-
ment into open court as a true bill, it then becomes a part

of the records of the court, and it should not be subjected to attacks of parol proof by members of the very body who, in the presence of their foreman, stood by in silence and saw him present it to the court.

The reasons which support the rule that a petit juror will not be heard to impeach the verdict of the jury of which he was a member, apply with greater force to a grand juror who attempts to impeach the finding of that body.

We are therefore of the opinion that the affidavits of the grand jurors could not be heard in support of the motion to amend the record; nor would it have been proper to hear them in support of the motion to quash the indictment, had they been presented when that motion was made. In this view we are supported by the following authorities: Wharton's Criminal Pleading and Practice, Sec. 399; People v. Hulbat, 4 Denio, 133; State v. Fassett, 16 Conn. 457; State v. Hamlin, 47 Conn. 114; State v. Baker, 20 Mo. 238; State v. Gibbs, 39 Ia. 318; State v. Newchester, 46 Ia. 88; State v. Oxford, 30 Tex. 428.

We are not advised that the question has ever been presented to our Supreme Court. In Manion v. People, 29 Ill. App. 543, it was presented to the Appellate Court of the Fourth District, but we do not understand that it was passed upon, the court holding that the affidavits were insufficient to show that the action in finding the bill was not assented to by twelve members.

It was not competent to show by the officer who had the grand jury in charge, that twelve members did not agree to the indictment so returned. It would be idle to enjoin secrecy upon the grand jurors themselves, and allow their officer to disclose how members voted and what opinions were expressed.

Our holding does not militate against the practice of introducing a grand juror upon the trial before a petit jury to contradict a witness, whose testimony on the trial is different from what it was before the grand jury. In such cases his testimony does not go to the extent of disclosing how members voted and what opinions were expressed, and is not

subject to the evils of such disclosures. It is allowed in the interest of justice and to prevent the success of perjury.

We see nothing in the objection raised to the twenty-fifth count of the indictment.

*Judgment affirmed.*

MR. JUSTICE CARTWRIGHT took no part in the decision of this case.