Regent v. The People.

---

## Michael N. Regent and Delia Mahoney v. The People.

1. PRESUMPTIONS—*Acts of Officers in Selecting Persons to Serve as Grand Jurors.*—The presumption is that the jury commissioners of Cook county in selecting persons to serve as grand jurors in the criminal court obey the law and proceed in the manner prescribed by the statute.

2. CRIMINAL PROCEDURE — *Indictments for Conspiracy by False Pretenses.*—Under an indictment for a conspiracy to obtain "a large amount of personal goods, funds, property and money of various kinds, denominations and amount" from the National Council of the Knights and Ladies of Security, a corporation organized and incorporated under and by virtue of the laws of the State of Kansas, and to cheat and defraud such corporation," it is not necessary to show that the conspiracy was to obtain any particular pieces of money. The gist of the offense is a conspiracy to obtain by false pretenses the personal goods, funds, money and property of such corporation.

3. SAME—*Sufficiency of Proof of a Conspiracy to Obtain a Draft.*—Under the allegations of an indictment charging a conspiracy by false pretenses to obtain the property of the National Council of the Knights

and Ladies of Security, etc., proof that there was a conspiracy by false pretenses to obtain a draft, bill of exchange or check belonging to such national council is sufficient.

4. Criminal Law—*Merger of Misdemeanors and Felonies.*—A misdemeanor is merged into a felony only when the misdemeanor and the felony are committed in the same State.

5. Variance—*Between Bill of Particulars, Indictment and Proof.*— Where a bill of particulars in a criminal proceeding sets out that the defendants unlawfully and fraudulently conspired, by false pretenses, to obtain a benefit certificate upon the life of a person named, and also conspired to obtain a certain sum of money, and the evidence shows that they did so conspire, and did actually obtain such certificate and sum of money, the money actually coming into their hands in the State of Illinois, *it was held* that there was no variance between the bill of particulars, indictment and evidence.

6. State's Attorney—*Right to Be Present When the Grand Jury Votes upon Bills.*—There is in this State no statute forbidding the presence of the state's attorney before the grand jury when an indictment is found, and such presence is permissible under the common law.

7. Bills of Particulars—*Limit the Proof in Criminal Cases.*—The people are confined in a criminal case to proof of the allegations set forth in the bill of particulars.

**Indictment for a Conspiracy.**—Error to the Criminal Court of Cook County; the Hon. Theodore Brentano, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed July 23, 1901.

Joseph B. David, attorney for plaintiff in error Regent.

Lawrence P. Doyle and Alfred Moore, attorneys for plaintiff in error Mahoney.

Charles S. Deneen, State's Attorney, and Harry Olson, Assistant State's Attorney, for defendant in error; A. W. Fulton and George W. Snyder, of counsel.

Mr. Justice Waterman delivered the opinion of the court.

On November 4, 1899, an indictment was returned in the Criminal Court of Cook County against one Michael N. Regent, one Delia Mahoney, one Margaret Sheehan, one James O'Brien, one Nora O'Brien, and divers person unknown, charging said persons with conspiracy on December 1, 1898, to obtain, at Cook county, a large amount of personal goods, funds, property and money of various

kinds, denominations and amount, from the National Council of the Knights and Ladies of Security, a corporation organized and incorporated under and by virtue of the laws of the State of Kansas, by false pretenses, and to cheat and defraud said corporation, said money thus described as aforesaid being the personal goods, funds, money and property of said corporation. The indictment contained two counts, the first charging the conspiracy to obtain such personal goods, funds, property and money, the second alleging not only the conspiracy to obtain such property, but charging that such goods, funds, property and money, as described (being the property of said corporation), were actually obtained. The defendant, Michael N. Regent, on May 26, 1900, filed a written motion to quash the indictment, which, on May 28, 1900, was overruled. On motion of defendants a bill of particulars was ordered and filed. Thereupon a motion for a more complete bill of particulars was entered by said defendants and was overruled. On July 23, 1900, the defendants Regent, Mahoney, James O'Brien and Nora O'Brien, entered a plea of not guilty, and the defendant Margaret Sheehan, on July 23, 1900, entered a plea of guilty. Regent, Mahoney and the two O'Briens were tried by a jury, which trial resulted in the defendant Regent being found guilty of conspiracy to obtain money by false pretenses, and his punishment fixed by the verdict at imprisonment in the penitentiary and a fine of $1,000; Delia Mahoney was found guilty and her punishment fixed at imprisonment in the penitentiary and a fine of $500; Nora O'Brien was found guilty and her punishment fixed at a fine of $500; and James O'Brien was found guilty, his punishment being fixed at a fine of $2,000. The defendants Regent and Mahoney each filed in writing a separate motion for a new trial, which motion as to Regent was overruled and an exception taken; the motion of Mahoney for a new trial was denied, and an exception preserved.

Thereupon the defendants Regent and Mahoney each filed in writing a motion in arrest of judgment, which motion was denied as to both Regent and Mahoney and judg-

ment pronounced against both on the verdict. A bill of exceptions having been filed by Regent and Mahoney, they have brought the entire record to this court by writ of error, seeking to reverse the judgment of the Criminal Court.

Twenty-two assignments of error have been filed with the record in this court. On behalf of plaintiffs in error it is asked that the judgment of the Criminal Court be reversed because of the claim that the grand jury which found the indictment was not impaneled according to law.

By an amendment to the act authorizing judges of courts of record to, in certain counties, appoint jury commissioners, it was provided, among other things, as follows:

" And one or more of the judges of said court shall certify to the clerk of the court the number of jurors required at each term. The said clerk shall then repair to the office of the jury commissioners, and in the presence of at least two of said commissioners and also in the presence of the clerk of said commissioners, if there be one, proceed to draw at random from said jury box, after the same shall have been well shaken, the necessary number of names, and shall certify the same to the sheriff to be by him summoned according to law."

The record of this cause shows that on September 6, 1899, the following order was entered of record in the Criminal Court of Cook County:

" It appearing to the court that public justice requires that a grand jury be selected and summoned for the next term of this court in accordance with the statute in such case made and provided, the court of its own motion doth order that the jury commissioners of Cook county do, at least twenty days before the first day of the next term of this court, select fifty persons, possessing the qualifications of jurors required by law, to serve as grand jurors at said term, and that said commissioners shall, within five days after such selection, certify the names of the persons so selected as grand jurors, to the clerk of this court, who shall issue and deliver to the sheriff of Cook county, at least ten days before the next term of this court, a summons commanding said sheriff to summon the persons so selected as aforesaid, to appear before this court at the hour of ten o'clock on the third Monday of the next term hereof, to

Regent v. The People.

constitute a grand jury for such term.    It is further ordered by the court that the clerk of this court transmit a certified copy of this order to the said jury commissioners forthwith."

It is argued by plaintiffs in error that this court will presume that the clerk of the Criminal Court transmitted such order to the jury commissioners, and that they followed the same and themselves drew the names of fifty persons to serve as grand jurors.    We think that the presumption is that the jury commissioners and the clerk of the Criminal Court, in selecting persons to serve as grand jurors, obeyed the law and proceeded in the manner the statute prescribed.    It does not follow, as is argued by plaintiffs, that either the clerk of the Criminal Court or the jury commissioners would consider such order as a command that the jury commissioners should themselves draw the names from the box.    The order was merely that the jury commissioners should select fifty persons to serve as grand jurors, and the presumption is that the jury commissioners would construe such order as directing them to proceed in the manner pointed out by the statute, and would proceed to make such selection in the manner pointed out by the statute, and that in accordance therewith the clerk did, in the presence of at least two of such commissioners, proceed to draw at random from the jury box the necessary number of names.    Nor do we think, as is urged by plaintiffs in error, that the defendants should have been indicted for a conspiracy to violate some of the provisions of section 263, chapter 73, of the statute concerning insurance and insurance companies.

The criminal code of this State provides that " whoever with intent to cheat or defraud another, designedly, by color of any false token or writing, or by any false pretense, obtains the signature of any person, any money, personal property, or other valuable thing, shall be fined in any sum not exceeding $2,000, and imprisoned not exceeding one year, and shall be sentenced to restore the property so fraudulently obtained, if it can be restored."

The defendants were therefore properly indicted for a conspiracy to violate such statute. Under such indictment it was not necessary to show that the conspiracy was to obtain particular pieces of money. The gist of the offense alleged was a conspiracy to obtain by false pretenses the personal goods, funds, money and property of the Knights and Ladies of Security.

The counts of the indictment contain a description of the different kinds of money in circulation in the United States commonly known as United States money, and it is alleged in such counts that there was a conspiracy to obtain each and all of the different kinds of money described. Such allegation was entirely unnecessary.

Under the allegation that there was a conspiracy, by false pretenses, to obtain the property of the Knights and Ladies of Security, proof that there was a conspiracy by false pretenses to obtain a draft, bill of exchange or check belonging to said corporation would have been sufficient.

It is urged by plaintiffs in error that the draft obtained by them, having been mailed in Kansas, directed to them in Illinois, was actually delivered in Kansas, and that the object of the conspiracy was therefore realized in Kansas, and that as the laws of Kansas make the obtaining of money or property by false pretenses a felony, the conspiracy entered into in the State of Illinois merged into the felony committed in Kansas, and that therefore the conviction in this case can not be sustained, first, because the delivery of the property to the defendants was in the State of Kansas, and second, because a felony having been committed there, the defendants can not be convicted of a misdemeanor in Illinois, which resulted in a felony in Kansas. A misdemeanor is merged into a felony only when a misdemeanor and felony are committed in the same State. Bloomer v. The State, 48 Md. 521, 535, 536; Noyes v. The State, 41 N. J. L. 418–421; Ex parte Rogers, 10 Tex. App. 655, 667; Thompson v. The State, 17 So. Rep. 512, 516; and see Reg. v. Button, 11 Q. B. 946; Rex v. Harmwood, 1 East P. C. 411; State v. Setter, 57 Conn. 461; Com v. Roby, 12 Pick. 496; Regina v. Neale, 1 Dennison C. C. 36.

Regent v. The People.

The question presented to the trial court in this case was not at all what crimes or misdemeanor the defendants or either of them might have been guilty of in the State of Kansas, but only, were they guilty as charged in the indictment, with having criminally conspired in the State of Illinois. It was not necessary to an establishment of the guilt of the defendants, or any of them, that either should have received anything as a result of the conspiracy. Thompson v. The State, 17 So. Rep. 512, 515.

The mailing in Kansas of the draft to them, and the reception by them in Illinois of money thereon, was shown merely as evidence tending to establish the fact of the conspiracy with which they were charged. If it were to be held that the mailing in Kansas of the draft to the defendants was then and there a payment to them, and consequently, so far as the obtaining of the draft is concerned, that they did, by false pretenses, obtain it in the State of Kansas, and therefore for obtaining said draft by false pretenses, could only be tried in Kansas, it does not follow that they could not have been indicted and convicted in the State of Illinois for there obtaining money by false pretenses, the money received as the proceeds of the draft having been paid to the defendants in the State of Illinois. Proof that the defendants obtained in the State of Illinois the money paid upon said draft, was, although unnecessary, admissible, because it tended to establish the allegation of the indictment that they conspired to obtain money and property belonging to the Knights and Ladies of Security. For it is idle to contend that the defendants conspired to obtain a draft without making any use thereof. The jury had a right to draw the natural inference that they conspired to obtain the draft for the purpose of using it in the manner such instruments are ordinarily used, namely, to obtain money thereon.

Whether obtaining money or other property by false pretenses is a common law offense, it is not necessary to discuss. It certainly is an offense under the laws of this State, and therefore a matter concerning which there may be a criminal conspiracy.

The bill of particulars sets forth that the defendants unlawfully and fraudulently conspired, by false pretenses, to obtain a benefit certificate upon the life of Robert O'Grady, and also conspired to obtain a certain sum of money, to wit, $1,900. The evidence shows that they did so conspire, and as evidence showing such conspiracy, that they did actually obtain such benefit certificate and such sum of money, the money actually coming into the hands of the defendants in the State of Illinois; there was thus no variance between the indictment, the bill of particulars and the evidence, which showed the defendants beyond all reasonable doubt to be guilty as charged.

It is urged that upon the trial it was shown that the defendant Regent had other indictments pending against him.. Such evidence was not introduced or brought out by the people, but by Regent's own counsel. So, too, it was proper to permit the witness Margaret Sheehan to testify as to the conversation she had had with Delia Mahoney, one of the defendants. So, too, it being apparent that the witness Friend had made to the state's attorney, in his office, a statement varying from that he gave upon the witness stand, it was proper to allow him to be examined by the state's attorney as to what he had previously told him.

While it may be true that the witness Friend had not intentionally deceived, misled or entrapped the state's attorney, he had deceived him by, as he himself stated, changing his mind or recollection after his interview with him. See Greenleaf on Evidence, Vol. 1, Secs. 443-4; National Syrup Co. v. Carlson, 42 Ill. App. 185.

Nor do we find that the trial judge made any remarks of which either of the plaintiffs in error can justly complain.

Concerning the testimony as to what the defendant Regent had said, objection being made thereto by counsel for Delia Mahoney, the court said: "It will not be considered by the jury as incriminating Mrs. Mahoney." We can hardly understand how the court, under the circumstances, could have said less.

It is urged that the indictment should have been quashed

Regent v. The People.

because an assistant state's attorney was present when it was voted. There is in this State no statute forbidding such presence, and it is permissible under the common law. Chitty on Criminal Law, 317; Bishop on Criminal Procedure, Vol. 1, Sec. 861; Shoop v. The People, 45 Ill. App. 110.

The defendants moved and were allowed a bill of particulars, upon the filing of which they moved for a more complete bill of particulars, without, so far as appears, any showing as to in what respect the one then on file was insufficient or unsatisfactory, and they took no exception to the action of the court overruling their motion for a more complete bill.

Undoubtedly the people are confined in a criminal case to proof of the allegations set forth in the bill of particulars. Commonwealth v. Giles, 1 Gray, 468; McDonald v. The People, 126 Ill. 150.

We do not find that any evidence was introduced by the people not fairly within the statements of the bill of particulars.

The Knights and Ladies of Security were shown to be a corporation organized and existing under the laws of the State of Kansas, having numerous branches and carrying on business in Illinois and other States. There was no evidence tending to show that its doing business in this State was unwarranted or its action here illegal.

Complaint is made of the eleventh and twentieth instructions given at the instance of the people. The eleventh instruction is said to have been held erroneous in Marzen v. The People, 173 Ill. 43. The instruction given in this case concerning admissions and declarations of a defendant was given under circumstances essentially variant from those in Marzen v. The People. The evidence in the present case was both circumstantial and direct. It was, and is, uncontroverted, that an insurance having been effected upon the life of Robert O'Grady, written representations were made to the company that he was dead, and the sum of over $1,900 was obtained from the insurer upon such representations, notwithstanding the fact that O'Grady was

alive and appeared at the trial of the cause as a witness. Delia Mahoney did not testify at the trial. Regent did. One of the conspirators turned State's evidence and from her there was a complete statement of the inception and carrying out of the conspiracy. There was no denial of the genuineness of the signatures of the defendants, respectively, to the various papers by which the object of the conspiracy was effected.

The position taken by the defendants was not that any witness for the people had misunderstood what they had said or the circumstances under which the utterances were made, but that the co-conspirator, testifying for the people, was telling an out-and-out falsehood. Under such circumstances the giving of the eleventh instruction can not have been harmful to either of the defendants.

The objection made to the twentieth instruction in substance is, that as the defendant Regent did testify in his own behalf, while the defendants Delia Mahoney, James O'Brien and Nora O'Brien declined so to do, it was prejudicial to them, because it told the jury that in this State an accused has a right to testify. In this respect the instruction stated merely the plain statutory law of the State, which every juror was presumed to know. Moreover, the statute permitting defendants in a criminal case to testify has been so long in force that substantially every man does actually know of its existence. The time has long since gone by when such an instruction can be prejudicial to a defendant.

At the instance of the defendant Regent the jury were instructed as follows:

"In this State the law declares that a defendant in a criminal case may be a witness in his own behalf. This is no idle form of law, but is a substantial privilege guaranteed to the defendant."

The defendant Regent had this instruction given, as was his undoubted right. It was as prejudicial to the other defendants as the twentieth instruction, given at the instance of the people, and no more so.

As to all of the defendants, the incriminating evidence,

written, circumstantial and direct, was of the most clear and satisfactory character. Regent, alone, attempted any explanation of the overwhelming mass of evidence showing the guilt of all. His testimony can hardly be said to have in any degree helped his own case.

Finding no error warranting a reversal, the judgment of the Criminal Court is affirmed.