## EXCLUSION OF PROSECUTING ATTORNEY FROM GRAND JURY ROOM DURING THE VOTING.

Common Pleas Court of Hamilton County.

STATE OF OHIO v. WILLIAM STICHTENOTH.

Decided, May, 1909.

*Criminal Law—Indictment not Invalidated by Presence of Prosecuting Attorney in the Grand Jury Room During the Voting, When—But his Presence There at such a Time is Without Warrant—Full Collection of Authority on this Subject as Found in the Statutes, Text Books and Decisions—Construction of the Words "No Other Person" as Used in Section 7195—Purpose of Amendment of this Statute in 1869—Effect of Change of Phraseology on Pre-existing Law—Legislative Intent—Analogy from Petit Juries—Practice in the Federal Courts—Common Law Procedure—Surplusage—Plea in Abatement—Effect upon Indictment of Irregularities in Procedure.*

1. The mere presence of the prosecuting attorney or his assistant in the same room with the grand jury while the grand jurors are deliberating or casting their votes, is not sufficient to sustain a plea in abatement and discharge an indictment, in the absence of any proof as to misconduct on the part of these officers which resulted in prejudice toward the accused, or in the finding of an indictment which would not otherwise have been found.

2. But by the great weight of authority as expressed in similar statutes in other states, the consensus of opinion of text writers, and the reason and spirit of the law, as well as the grammatical sense and meaning of the language used is, that while the prosecuting attorney has the right at all times to appear before the grand jury for the purpose of giving information relative to any matters cognizable by it, or of advising it upon any legal matter when required, or of interrogating witnesses before the jury when he or it deems such examination necessary, he has no right to remain in the room while the jurors are expressing their views or casting their votes upon any matter before them.

*Henry T. Hunt, Denis F. Cash* and *Authur C. Fricke,* for the State.

*Michael G. Heintz,* contra.

BROMWELL, J.

On March 31, 1909, the grand jury of this county reported an indictment of embezzlement against William Stichtenoth.

On April 9, 1909, the defendant filed a plea in abatement in the following words:

"Now comes the defendant, William Stichtenoth, and says that the State of Ohio ought not further to prosecute the indictment herein against him, because he says that during the deliberations of the grand jury at the January Term, 1909, of Hamilton county, Ohio, by which grand jury the indictment here was returned against this defendant, that Henry T. Hunt, the prosecuting attorney of Hamilton county, Ohio, and John W. Weinig, an assistant prosecuting attorney of Hamilton county, Ohio, were present with said grand jury in the grand jury room, and that said Henry T. Hunt, prosecuting attorney, and said John W. Weinig, assistant prosecuting attorney, participated with said grand jury in the deliberations in and about the indictment herein; that said presence of said prosecuting attorney and said assistant prosecuting attorney, and their participation in said deliberations, was contrary to law and was prejudicial to this defendant; and this, he, the said William Stichtenoth, is ready to verify. Wherefore, he prays judgment, and that by the court he may be dismissed and discharged from the said premises in the said indictment specified."

This plea was properly signed and verified.

To this plea the prosecuting attorney, Henry T. Hunt, on behalf of the State of Ohio, filed an amended reply on April 10, 1909, in the following words:

"Plaintiff, by Henry T. Hunt, prosecuting attorney of Hamilton county, Ohio, for reply to the plea in abatement heretofore filed herein, admits that Henry T. Hunt, prosecuting attorney of Hamilton county, Ohio, and John W. Weinig, assistant prosecuting attorney of Hamilton county, Ohio, were present in the grand jury room during the deliberations of the said grand jury in and about the indictment herein, but denies each and every other allegation in said plea in abatement. Wherefore, plaintiff prays that said plea in abatement be overruled, and that plaintiff be required to plead to the indictment herein."

No further pleading has been filed by or on behalf of the defendant.

The question under consideration, therefore, comes before the court as if upon demurrer to the amended reply to the plea in abatement, and raises the sole question as to whether the mere presence of the prosecuting attorney or his assistant in the grand jury room during the deliberations of the grand jury and a bare allegation in the plea in abatement, unsupported by any evidence that such presence of the prosecuting attorney or his assistant was prejudicial to the defendant, is sufficient to maintain the plea in abatement.

Reserving for further consideration the question as to the right of the prosecuting attorney or his assistant to be present in the grand jury room with the grand jury during their deliberations, we shall first dispose of the question above presented by the pleadings in this case.

The section of the statutes which requires a construction in passing upon the question raised in this case is Section 7195, which reads as follows:

"Section 7195, The prosecuting attorney, or assistant prosecuting attorney, shall be allowed at all times to appear before the grand jury, for the purpose of giving information relative to any matter cognizable by it, or advise upon any legal matter when required; and he may interrogate witnesses before the jury when it or he deems it necessary; but no other person shall be permitted to remain in the room, with the jury while the jurors are expressing their views, or giving their votes, on any matter before them."

No question is raised as to the proper interpretation of the first part of this section, namely: the right of the prosecuting attorney or assistant to appear before the grand jury at all times for the purpose of giving information relative to any matter cognizable by it, or advise upon any legal matter when required, nor upon his right to interrogate witnesses before the grand jury when it or he deems it necessary, but as to the remainder of the section cited above, and particularly as to the meaning of the phrase, "no other person," some doubt has arisen as to whether the *no other person* referred to means *no other person than the prosecuting attorney,* or whether it means *no other person than the grand jurors.* If this phrase is to be con-

strued as no other person than the prosecuting attorney or his assistant, there can be no doubt as to the right of the prosecutor or his assistant to be present in the room with the grand jury while the jurors are expressing their views and giving their votes, and in the absence of any allegation in the plea in abatement that the prosecutor was guilty of any improper conduct in attempting to influence the grand jurors in bringing in an indictment which they would not otherwise have returned, the plea would have to be overruled.

. But if the phrase "no other person" is to be construed as meaning no other person than the grand jurors, then neither the prosecuting attorney nor his assistant would have the right to remain in the room with the jury while the jurors were expressing their views or giving their votes on any matter before them, and the question would then arise as to whether he (the prosecuting attorney having admitted in his reply that he was present in the grand jury room during the deliberations of the grand jury) so prejudiced the rights of the defendant as to influence the grand jury to bring in an indictment which they would not otherwise have done in the case now under consideration.

The general principle relative to pleas in abatement is, that being dilatory pleas they are not favored by the law and must be strictly construed. Mere irregularities in matters of procedure, without evidence that such regularities so deprived the defendant of his constitutional or statutory rights as to prevent his making a proper defense to the charges set out in the indictment, would not be sufficient to warrant a discharge of the indictment and a dismissal of the accused. Even direct violations of statutory prohibitions have in many cases been held insufficient to warrant such action.

With one or two exceptions this has been the uniform position taken by the courts as to the effect of such irregularities. In support of this view, I cite the following cases taken at random from the decisions in the courts of various states.

The Montana statutes, Section 1788, uses this language:

"No person must be permitted to be present during the expression of their [the grand juror's] opinion or giving their votes upon any matter before them."

Following this section is a note in these words:

"Their deliberations, however, while voting on finding a bill should be private, but the effect of the presence of a third party at that time is not settled by the authorities. The better practice is to exclude all but members from the room at such time."

In the article on Grand Juries, 20 Cyc., p. 1338, the compiler says:

"While it seems to be very generally regarded as the better practice, and the grand jury has the right to require that the prosecuting attorney shall retire from the room during its deliberations, and in some jurisdictions his presence is expressly forbidden by statute, the mere fact that, with the consent of the grand jury, he is present while the jurors are deliberating or voting on a charge, will not constitute such an irregularity as will invalidate an indictment."

Edwards on Juries, p. 128:

"But the fact that the district attorney was present during the deliberations of the grand jury and the taking of the vote is, at most, an irregularity and no ground for quashing the indictment in the absence of any averment and proof that the defendant was thereby prejudiced; likewise where, after certain persons had testified in a particular case the district attorney said, 'I suppose you do not want to hear any more.'"

*Regent* v. *People,* 96 Ill. App., 189 (decided, 1901):

"An indictment will not be quashed because of the presence of an assistant state's attorney before the grand jury when it was found."

*Miller* v. *State,* 28 So., 208 (Florida, 1900):

"The presence of assistant counsel, procured with the consent of the court, before the grand jury, during the examination of evidence, and his mere presence at the time a vote is taken on a bill, would not be sufficient ground in the absence of any abuse shown, to set aside the indictment; but when such counsel after remaining in the grand jury room during the examination of evidence and the deliberation of the jury in the case, including the time when the vote is taken, urges and requests the finding of the bill, the policy of the statute is violated, and the unbiased judgment of the jury on the merits of the case is invaded."

The Florida statute under which this last decision was rendered, Statutes 1906, Section 3856, is as follows:

"Whenever required by the grand jury, it shall be duty of the state attorney to attend it for the purpose of examining witnesses in its presence, or for giving it advice upon any legal matter and to issue subpoenas and other process to secure witnesses."

*State* v. *Bates*, 148 Ind., 610 (decided, 1897):

"The mere fact that a stenographer employed by the prosecuting attorney was present in the grand jury room and took down in shorthand the evidence on which the indictment was based, for the use of the prosecution, is not ground for quashing the indictment, unless it appears that the accused was prejudiced thereby."

This last case is cited for the reason that there was no provision of law at the time the decision was rendered, authorizing the presence of a stenographer at any time before the grand jury, and yet the court decided that the unauthorized presence of the stenographer would not vitiate the indictment in the absence of evidence showing that the defendant was prejudiced by such irregularity.

The Alabama statute, Code 1907, Section 7306, refers to the prosecuting attorney in the following words:

"But he must not be present at the expression of their views or the giving of their votes on any matter before them."

Blevin's Case, 68 Ala., 92:

"An attorney is not authorized to go before the grand jury at the request of the solicitor and perform his duties; yet an indictment, so found, should not be quashed because of such unauthorized appearance of the attorney."

*Hall* v. *State*, 134 Ala., 90:

"Syl. 2. In a criminal case, a plea in abatement to the indictment, which avers that while the grand jury which preferred said indictment was engaged in the examination and investigation of the pending case, the solicitor of the court expressed to them the opinion that the evidence before them was sufficient to warrant them in finding an indictment, and that it was their duty to indict the defendant, and that this influenced the grand

jury, without which no indictment would have been preferred; and further, that while said grand jury was in session and was so engaged in the investigation of said case, the judge of the court, at request of the grand jury, appeared before them and advised them as to the law relating to the offense with which defendant was charged, is sufficient and subject to demurrer, the matters averred therein not being proper subjects for plea in abatement.''

*State* v. *Kimball,* 29 Io., 267:

''The mere presence of a bailiff of the court in attendance upon the grand jury during their. investigation of a criminal charge is not a sufficient ground of objection against an indictment, if he was not present when the vote was taken upon the indictment.''

Robinson Case, 26 Parker's Criminal Reports, p. 308:

''The sheriff had summoned a grand jury without a venire. The court held that this did not affect the substantial rights of the prisoner, and overruled the plea in abatement.''

*Agnew* v. *United States,* 165 U. S., p. 36:

''Syl. 1. A plea in abatement alleging irregularities in drawing grand jurors, filed two weeks after the court opened and five days after the indictment was returned, is too late when it does not allege any reason for the delay.

''Syl. 2. Such plea is fatally defective when, although it states that the drawing tended to defendant's injury and prejudice, *no grounds* are assigned for such conclusions and the record does not show any.''

Page 44:

''A plea in abatement must be pleaded with strict exactness * * * and the general rule is that for such irregularities as do not prejudice the defendant, he has no cause of complaint, and can take no exception.''

*Commonwealth* v. *Bradney,* 126 Pa., 199:

''Syl. 3. While it is the duty of the district attorney, as well as his privilege, to attend upon the grand jury with matters upon which they are to pass, to aid in the examination of witnesses, and to give such general instruction as they may require, yet any attempt on his part to influence their action or

to give effect to the evidence adduced, is improper and imperti-
nent.

"Syl. 4. In the absence, however, of any participation of the
district attorney in the deliberations of the grand jury, or of
effort on his part to influence their finding, his mere presence
in the jury room during their deliberations is not good ground
for quashing the indictment."

*Courtney* v. *State*, 5 Ind. App., 356:

"Syl. While the use of a stenographer by a prosecuting at-
torney for the purpose of taking down the statements of wit-
nesses as they testified concerning an alleged offense before the
grand jury, is not provided for by statute; and while there is
an express statutory provision [Sec. 1655, R. S. 1881], that the
grand jury must select one of their number as clerk, and that
said clerk among other things, must take minutes of the evidence
to be preserved for the use of the prosecuting attorney, still the
use of such stenographer will not result in the abatement of a
particular indictment without some showing that the accused
was injuriously affected, or that something unauthorized was
said or done which probably injured him."

*State* v. *Brewster*, 70 Vt., p. 341; after citations from a large
number of authorities, the court said:

"An examination of these decisions will make it clear, so far
as observed, that the presence of a stranger in the room with the
grand jury, when receiving the testimony of witnesses, with the
exception of *State* v. *Bowman*, 38 Ala. Rep., 331, is never a cause
for abating their indictment, unless the respondent avers and
*shows* that he has been prejudiced thereby; and rarely will such
presence when the jury are deliberating or voting, avail, unless
the respondent is shown to have been prejudiced thereby in re-
spect to the finding of the indictment."

*United States* v. *Terry*, 39 Fed., 355 (decided, 1889):

"Syl. 4. In the United States District Court the mere fact
that the district attorney was present during the expression of
opinion of the grand jury upon the charge in the indictment,
and during their voting thereon is, at most, an irregularity,
which in the absence of averment of injury or prejudice to de-
fendant, is a matter of form and not of substance."

It will be seen from the above citations that the authorities
are practically unanimous, that the mere presence of the prose-

cuting attorney or his assistant in the same room with the grand jury while the grand jurors are deliberating or casting their votes, and in the absence of any proof of misconduct on the part of these officers which resulted in prejudice to the accused, or in the finding of an indictment which would not otherwise have been found, is not sufficient to sustain a plea in abatement and discharge the indictment.

While the accused in the present case alleges in his plea that the presence of the prosecuting attorney was prejudicial, he sets out no specific averments or allegations showing in what manner he was prejudiced, and has submitted no evidence whatever to support the allegation in that regard. The court, therefore, finds upon the pleadings that the plea in abatement ought not to be sustained and therefore overrules the same.

While the above decision fully disposes of the question now before the court, and nothing further need be said upon the only question raised in the case, in view of the apparent uncertainty or doubt as to the meaning of that clause of Section 7195, Revised Statutes, which determines the rights of others than grand jurors to be present in the grand jury room during their deliberations and while casting their votes, I think it may be of some interest and perhaps value to determine and construe said clause, and in so doing, to call attention to opinions of text-writers, provisions of statutes and the decisions of courts so far as applicable.

While the grand jury system is an inheritance from the English Law of Procedure in criminal cases, and was a part of the common law which was adopted in this country upon its settlement, and has been recognized as binding in the absence of statutory provisions in conflict therewith, there can be no doubt that each state has the right to regulate by its Constitution or statutes, the composition of grand juries, the duties they shall perform, their manner of procedure and all other matters relating thereto. The system of grand juries is almost universal throughout the United States, only a few states dispensing with them, and the great majority having provisions largely identical with each other and closely similar to the common law provisions. In examining the decisions of the various states upon the rights

and privileges of grand juries, reference must therefore be had to the laws of the state in which the decision was rendered, so that the language of the text-writers will, in some instances, differ from that of others, and a decision in one state may not be good authority in another, because of the difference of the statutory provisions. Bearing this in mind I shall first state the views entertained by some of the best known text-writers, as follows:

Thompson and Merriam on Juries:

"Sec. 599. The grand jury have a right at all reasonable times during the discharge of their duties to apply either to the court or to the prosecuting attorney for advice. But this advice must be restricted to matters of law. Neither the court nor this officer can say to the jury that the facts as shown by the evidence are sufficient to authorize them to find a bill."

"Sec. 629. As to the modern English practice Mr. Chitty says: 'It is not unusual, except in the King's Bench where the clerk of the grand juries attends them, to permit the prosecutor to be present during the sitting of the grand jury *to conduct the evidence on the part of the Crown.*'"

It will be seen from this citation from Chitty just given, that the function of the prosecutor is merely that of conducting the evidence on the part of the Crown and does not support the claim that the prosecutor has the right to be present during the deliberations and voting of the grand jury.

Thompson and Merriam on Juries:

"Sec. 632. It has been held that the fact that the prosecuting officer or his assistants were present during the deliberations and the voting of the grand jury, will not *per se* invalidate their finding." (*Shattuck* v. *State*, 11 Ind., 473.) "But the soundness of this decision may be doubted. *Their very presence at such time would seem to be an abuse of their official privilege.*"

Same author:

"Sec. 633. In an early Connecticut case, the Supreme Court, in order to solve some doubts which had been expressed as to the power and duty of the grand jury, prepared a model charge, in which is found the following: 'You will admit no counsel on the part of the State or of the prisoner.' In a recent opinion

of the Supreme Court of North Carolina, it was bluntly said: 'The solicitor has no business in the grand jury room.' " (*U. S.* v. *Reed*, 2 Blatchford.)

It will be noticed that these two decisions just referred to are in states (Connecticut and North Carolina) which have no statutory provision defining the right of the prosecutor to appear before the grand jury for any purpose, and, therefore, they may be construed as the opinions of those courts upon the common law.

Same author:

"Sec. 634. The statutes of a considerable number of states distinctly specify the duty and privilege of the prosecuting officer in the matter of attendance upon the grand jury. Thus, he must attend, when required by the grand jury, to examine witnesses; and so he may whenever he deems his presence necessary for this purpose. He must, also, when required by the grand jury, attend for the purpose of giving that body legal advice or information as to any matter connected with their duties; and so he may whenever he deems it necessary. *Neither he nor any other person can be present during their deliberations, or when the vote is taken upon any matter before them.* The presence of this officer upon excepted occasions gives the accused a right to demand that the indictment be set aside." (*Rothschild* v. *State*, 7 Tex. App., 519.)

Edwards on Grand Juries, p. 127:

"It is the general custom at the present day in all jurisdictions to permit the district attorney to attend the grand jury (30 Fed. Cas., 992 and others), but he has no right to be present during the deliberations of the grand jurors, and should withdraw if requested to do so; nor is it proper for him to attempt to control or influence the action of the grand jury or to say what effect should be given to the testimony adduced before them.   *   *   *   If the district attorney should participate in the deliberations of the grand jury or make any effort to influence their finding, the indictment will be quashed." (*Commonwealth* v. *Bradney*, 126 Pa., 199.)

Page 129:

"The relation which should be maintained between the district attorney and the grand jury is well stated by Mr. Justice

Clark, 120 Pa., 199: 'The district attorney is the attendant of the grand jury. It is his duty as well as his privilege to lay before them matters upon which they are to pass, to aid them in their examination of witnesses, and to give them such general instructions as they may require. But it is his duty during the discussion of a particular case and while the jurors are deliberating upon it, to remain silent. It is for the jury alone to consider the evidence and to apply it to the case in hand; any attempt on the part of the district attorney to influence their action or to give effect to the evidence adduced, is in the highest degree improper and impertinent. It is the better practice, and the jurors have an undoubted right to require that he should retire from the room during their deliberations upon the evidence, and when the vote is taken whether or not an indictment shall be found or a presentment made.' * * *

"In the absence of any statute which grants this right to him, it would seem that *the common law rule is still in force and that the presence of the district attorney in the grand room even for the purpose of examining witnesses, is not by reason of his right, but as a matter of grace on the part of the grand jury.*"

Wilson's Works:

"Among all the plans and establishment, which have been devised for securing the wise and uniform execution of the criminal laws, the institution of grand juries holds the most distinguished place. This institution is, at least, in the present times, the peculiar boast of the common law. * * * In the annals of the world there is not found another institution so well adapted for avoiding all the inconveniences and abuses which would otherwise arise from malice, from rigor, from negligence, or from partiality in the prosecution of crimes."

Wharton's Criminal Procedure and Practice, Ninth Edition:

"Sec. 366. It is proper to keep in mind the fact, already noticed, that the only valid basis on which the institution of grand juries rests, is that they are an independent and impartial tribunal between the prosecution and the accused; and it is the duty of the courts to refuse to tolerate any practice which conflicts with this independence and impartiality * * * and in any view the presence of the counsel for the prosecution, public or private, during the deliberations of the jury, should be ground for quashing the bill, unless it appears that there was no interference by such counsel in any degree with the freedom of

such deliberations. The purpose of the institution of grand juries was, as we have seen, to interpose a check upon sovereign; and they would cease to answer this purpose and would increase the dangers they were intended to avert, if they should be put under the official direction of the prosecuting authorities of the state.''

20 Cyc., 1338:

''Although in some jurisdictions the prosecuting attorney is not allowed in the grand jury room.'' *Lewis* v. *Wake County,* 74 N. C., 194; *Lung's case,* 1 Conn., 428.

''The general rule is that he may be present before the grand jury.'' *Shoop* v. *People,* 45 Ill. App., 110; *State* v. *Aleck,* 41 La. Ann., 83; In re Bridge, etc., 9 Culp., 427; *U. S.* v. *Kilpatrick,* 16 Fed., 765; In re Crittenden, 6 Fed. Cas., No. 3393; In re District Attorney, 7 Fed. Cas., No. 3925; Charge to the Grand Jury, 30 Fed. Cas., No. 18255.

''To assist in the examination of witnesses.'' *Blevins* v. *State,* 68 Ala., 92; *Bennett* v. *State,* 62 Ark., 516; *Gitchell* v. *State,* 146 Ill., 15; *State* v. *Kovolosky,* 92 Ia., 498; *State* v. *Fertig,* 98 Ia., 139; *Franklin* v. *Commonwealth,* 105 Ky., 237; *State* v. *Adam,* 40 La. Ann., 745; *State* v. *Judicial District,* 22 Mon., 25; *People* v. *Scannell,* 36 N. Y. Mis., 40; *Commonwealth* v. *Bradney,* 126 Pa., 199; *Commonwealth* v. *Frey,* 11 Pa. Co. Ct., 523; *United States* v. *Cobban,* 127 Fed., 713; *U. S.* v. *Kilpatrick,* 16 Fed., 765; In re Dist. Attorney, 6 Fed. Cas., No. 3925.

''To advise as to the admissibility of evidence and the proper mode of procedure (with citations) to give general advice on questions of law (with citations).''

''But he can not participate in the deliberations or express opinions on questions of fact, or as to the weight and sufficiency of evidence, or attempt in any way to influence the finding. While it seems to be very generally regarded as the better practice and the grand jury has a right to require that the prosecuting attorney shall retire from the room during its deliberations, and in some jurisdictions his presence is expressly forbidden by statute, the mere fact that with the consent of the grand jury he is present while the jurors are deliberating or voting on a charge, will not constitute such an irregularity as will invalidate an indictment.''

Proffatt on Jury Trial:

"Sec. 57. The right of officers to be present with the grand jury, in the examination of witnesses, in conducting the proceedings, and in their deliberations, is in general admitted, though in some places it is denied or very much restricted. * * * Sir John Hawles, in his remarks on Colledge's trial, says: 'I know not how long the practice of admitting counsel to a grand jury hath been. I am sure it is a very unjustifiable and insufferable one. If the grand jury have a doubt in point of law, they ought to have recourse to the court and that publicly, and not privately; and not rely on the private opinion of counsel, who at least behave themselves as if they were the parties.' However this may be, the practice is well established here that the *district attorney, or prosecuting officer, has a right to manage the production of evidence to the grand jury and examine the witnesses, and this right extends to his clerk.*"

It will be seen that this last clause which limits the right of the prosecutor to the management of the production of evidence and the examination of witnesses, discredits the statement made by the author in the first part of this citation that these officers have a right to be present with the grand jury during their deliberation.

Hirsh on Juries:

"Sec. 718. The statute of the state of New York gives the district attorney the right at all times to be present with the grand jury, and give them instructions and information relative to any matter cognizable by them, *except when they are expressing an opinion or taking a vote upon any matter before them, at which time neither district attorney, constable, or any other person is permitted to be present.* In some states, the district attorney or prosecuting officer may be present, even when they are discussing the propriety of finding an indictment, or when voting upon it; but he must not participate in either the finding or voting. The grand jury should not be controlled by their officer, but should act according to their own judgment and reason."

Chitty's Criminal Law, Vol. 1:

"Sec. 317. It is not unusual, except in the King's Bench, where the clerk of the grand juries attends them, to permit the prosecutor *to be present during the sittings of the grand jury*

*to conduct the evidence on the part of the Crown.* So on indictments for high treason where the sovereign himself is the party immediately injured, any of the King's counsel may attend for the same purpose on his behalf, as he can not prosecute in person.''

This citation from Chitty would seen to show clearly that at common law the only purpose for which the prosecutor could be present with the grand jury in any court was to conduct the evidence on the part of the Crown, and in the King's Bench he was not permitted to be present even for that purpose, the clerk of the grand juries being the only one permitted to be present before the grand jury in that court.

Bishop on Criminal Procedure:

''Sec. 861, par. 4. The authorities are not distinct as to the effect of this sort of persons [others than the grand jurors] during the deliberations on the finding of a bill; yet at least, in the words of Hanna, J. (*Shattuck* v. *State,* 11 Ind., 477), 'the better practice would be for the jury to exclude every other person from their room at such time, but we are not prepared to say that they may not, in their discretion, permit the prosecuting attorney to remain.'

''Par. 5. The practice as to his [the prosecuting officer's] relations to the grand jury is not quite uniform. In most of our states he enters their room; *and when they are not deliberating on their finding, is with them helping in the examination of witnesses and advising on questions of law.*''

''Sec. 862. The common law procedure governs a grand jury constituted by a statute unless it otherwise provides.''

This last citation incidentally throws some light upon the proper construction of the phrase. *''no other person,''* as found in our statute, for we find above, the opin on that *''every other person should be excluded,''* where no doubt the phrase last cited means every other person than the grand jury, and not every other person than the prosecutor.

Wharton's Criminal Law:

''Sec. 495. In New York it seems to have been construed that the functions of the district attorney, so far as the grand jury are concerned, are exhausted at the moment of the bill reaching their hands, unless revived by a subsequent call for information,

and that he has no right to be present at their sessions and assist in the examination of witness. * * * The practice in Massachusetts * * * is for the officer having charge of the preparation of the indictments to attend the grand jury, to open each particular case as it arises, to commence the examination of each witness and to meet any question as to the law of the case which may be given to him, but it is his duty during the discussion of the question, to remain perfectly silent, unless his advice or opinion on a matter of law is requested. The least attempt to influence the grand jury in their decisions upon the effect of the evidence, is an unjustifiable interference and no fair and honorable officer will ever be guilty of it. It is very common, however, for some one of the grand jury to request the opinion of the public prosecutor as to the propriety of finding the bill, but it is his duty to decline giving it, or even any intimation on the subject; but in all cases to leave the grand jury to decide for themselves.''

Story on Constitution:

''Sec. 1784.   They [the grand jury] sit in secret and examine the evidence laid before them by themselves.''

### STATUTES.

An examination of the statutes of the various states and territories shows a remarkable unanimity in the legislation on this subject, and throws a light upon the meaning of certain clauses contained in Section 7195 of our statutes. That these statutes may be commented upon intelligently, I will cite below these statutory provisions as far as I have been able after diligent search to find them:

Alabama Code (1907), Sec. 7306:

''The solicitor must attend before the grand jury when required by them, and he may do so whenever he sees fit, for the purpose of examining witnesses in their presence, or giving them legal advice as to any matter connected with their duties, and he may appear before them at any time to give information as to any matter cognizable by them; *but he must not be present at the expression of their opinions or the giving of their votes on any matter before them.*''

Arkansas Digest (1904), Sec. 2211:

"No person except the prosecuting attorney and the witnesses under examination are permitted to be present while the grand jury are examining a charge, *and no person whatever, shall be present while the grand jury are deliberating or voting on a charge.*"

California Penal Code (1901), Sec. 925:

"The grand jury may, at all times ask advice of the court, or the judge thereof, or of the district attorney; but unless such advice is asked, the judge of the court must not be present during the sessions of the grand jury. The district attorney of the county, may at all times, appear before the grand jury for the purpose of giving information or advice relative to any matter cognizable by them, and may interrogate witnesses before them whenever he thinks it necessary; the grand jury, on the demand of the district attorney, whenever criminal causes are being investigated before them, must appoint a competent stenographic reporter to be sworn, and report the testimony that may be given in such causes in shorthand, and reduce the same upon request of the district attorney to longhand or typewriting; a copy of such testimony must be delivered to defendant upon his arraignment after indictment. The services of such stenographic reporter constitute a charge against the county. No person other than those specified in this and the succeeding section, is permitted to be present during the session of the grand jury, except the members and witnesses actually under examination *and no person must be permitted to be present during the expression of their opinion or giving their votes upon any matter before them.* The grand jury or district attorney may require by suppoena the attendance of any person before the grand jury as interpreter, and such interpreter may, while his services are necessary, be present at the examination of witnesses before the grand jury."

Florida (1906), Sec. 3856:

"Whenever required by the grand jury, it shall be the duty of the state attorney to attend it *for the purpose of examining witnesses in its presence, or for giving it advice upon any legal matter, and to issue subpoenas and other process to secure witnesses.*"

Among the decisions cited herein is one construing this section.

Idaho Code (1901), Sec. 3511:

"The grand jury may, at all reasonable times, ask the advice of the court or the judge thereof, or of the prosecuting attorney; but unless such advice is asked, the judge of the court must not be present during the sessions of the grand jury. The prosecuting attorney of the county may, at all times, appear before the grand jury for the purpose of giving information or advice relative to any matter cognizable by them and may interrogate witnesses before them whenever they or he thinks it necessary; but no other person is permitted to be present during the session of the grand jury, except the members and witnesses actually under examination, and an interpreter when necessary, *and no person must be permitted to be present during the expression of their opinions or give their votes upon any matter before them.*"

Indiana Statutes of 1908, Sec. 1980:

"The prosecuting attorney or his deputy shall be allowed at all times to appear before the grand jury for the purpose of giving information relative to any matter cognizable by it, or advise upon any legal matter when required; and he may interrogate witnesses before the grand jury when the jury or he deem it necessary, *but no prosecuting attorney, officer or person shall be present with the grand jury during the expression of their opinions or in giving their votes upon any matter before them.*"

Indian Territory Code (1899), Secs. 1434-1435:

"Sec. 1434. The grand jury may, at all reasonable times, ask the advice of the court or the prosecuting attorney.

"Sec. 1435. No person except the prosecuting attorney and the witness under examination, are permitted to be present while the grand jury are examining a charge, *and no person, whatever, shall be present while the grand jury are deliberating or voting on a charge.*"

Iowa Code (1897), Sec. 5265:

"Such attorney (county attorney), shall be allowed at all times, to appear before the grand jury, on his own request, for the purpose of giving information relative to any matter cognizable by it; *but neither he nor any other officer or person, except the grand jury, must be present when the question is taken upon finding of an indictment.*"

Kansas Statutes of 1899, Sec. 5333:

"Such attorney [prosecuting attorney] shall be allowed at all times, to appear before the grand jury on his request, for the purpose of giving information relative to any matter cognizable by them, and may be permitted to interrogate witnesses before them when they or he shall deem it necessary; *but no such attorney, or any other officer or person, except the grand jurors, shall be permitted to be present during the expression of their opinions or the giving of their votes on any matter before them.*"

Kentucky Criminal Code, Secs. 107 and 108:

"Sec. 107.   The grand jury may, at all reasonable times, ask the advice of the court or the attorney for the commonwealth.

"Sec. 108.   No person except the commonwealth's attorney and the witness under examination, is permitted to be present while the grand jury are examining a charge, *and no person, whatever, shall be present while the grand jury are deliberating or voting on a charge.*"

Michigan Laws of 1897, Sec. 11890:

"The prosecuting attorney of the county, or other prosecuting officer, shall be allowed at all times to appear before the grand jury, upon his request, for the purpose of giving information relative to any matter cognizable by them; *but no prosecuting officer, constable or any other person, except the grand jurors, shall be permitted to be present during the expression of their opinions or the giving of their votes upon any matter before them.*"

Minnesota Laws of 1905, Sec. 5285:

"The grand jury may, at all reasonable times, ask the advice of the court or of the county attorney, and whenever required by the grand jury, the county attorney shall attend them for the purpose of framing indictments or examining witnesses in their presence; but *no county attorney, sheriff, or other person except the grand jurors, shall be permitted to be present during the expression of their opinions or the giving of their votes on any matter before them.*"

Mississippi Code (1906), Sec. 1663:

"The district attorney shall attend the deliberations of the grand jury *whenever he may be required by the grand jury,*

*shall give the necessary information as to the law governing each case in order that the same may be presented in the manner required by law."*

Missouri Statutes of 1899, Vol. 1, Secs. 2496-2497:

"Sec. 2496. Whenever required by any grand jury, it shall be the duty of the prosecuting attorney in the county to attend them for the purpose of examining witnesses in their presence or giving them advice upon any legal matter.

"Sec. 2497. Such attorney shall be allowed at all times to appear before the grand jury on his request, for the purpose of giving information relative to any matter cognizable by them, and may be permitted to interrogate witnesses when they or he shall deem it necessary; but *no such attorney or any other officer or person, except the grand jurors, shall be permitted to be present during the expression of their opinions or the giving of their votes on any matter before them."*

Montana Code (1895), Sec. 1788:

"The grand jury may, at all reasonable times, ask the advice of the court or of the judge thereof, or of the county attorney; but unless such advice is asked, the judge of the court must not be present during the session of the grand jury. The county attorney of the county may at all times appear before the grand jury for the purpose of giving information or advice relative to any matter cognizable by them, and may interrogate witnesses before them whenever they or he thinks it necessary; but no other person is permitted to be present during the sessions of the grand jury except members and witnesses actually under examination, and *no person must be permitted to be present during the expression of their opinions or giving their votes on any matter before them."*

Nebraska Statutes of 1903, Sec. 2533:

"The prosecuting attorney or the assistant prosecuting attorney, shall be allowed at all times to appear before the grand jury for the purpose of giving information relative to any matter cognizable by them, or giving them advice upon any legal matter they may require, and he may interrogate witnesses before them when they or he shall deem it necessary, *but no other person shall be permitted to remain in the room with said jury while they are expressing their views or giving their votes on any matter before them."*

Nevada (1900), Sec. 4178:

"The grand jury may, at all reasonable times, ask the advice of the court or any member thereof, and of the district attorney. Unless his advice be asked, no member of the court shall be permitted to be present during the session of the grand jury. The district attorney shall be allowed at all times to appear before the grand jury on his request, for the purpose of giving information or advice relative to any matter cognizable by them; and may interrogate witnesses before them when they shall deem it necessary. Except the district attorney, no person shall be permitted to be present before the grand jury besides the witness actually under examination, *and no person shall be permitted to be present during the expression of their opinions or the giving of their votes on any matter before them.*"

New Mexico Laws of 1897, Sec. 986:

"The grand jury may at all reasonable times ask the advice of the court, the Attorney-General or the district attorney of the county, and whenever required by the grand jury, it shall be the duty of the district attorney of the county to attend them for the purpose of framing indictments or of examining witnesses in their presence, *but no district attorney, sheriff, or other person shall be permitted to be present during the expression of opinions or giving of their votes upon any matter before them.*"

New York, Parker's Criminal Code (1906), Secs. 262-263-264:

"Sec. 262. The grand jury may, in any case, ask the advice of any judge of the court or of the district attorney of the county.

"Sec. 263. Whenever required by the grand jury, it shall be the duty of the district attorney of the county to attend them, for the purpose of examining witnesses in their presence, or of giving them advice upon any legal matter, and of issuing subpoenas or other process for witnesses.

"Sec. 264. The district attorney of the county, and assistant district attorney, or in counties having no district attorney, an attorney appointed by a justice of the Supreme Court, upon nomiation of the district attorney to attend upon the grand jury, must be allowed at all times to appear before the grand jury at his request for the purpose of giving information relative to any matter before them, *but no district attorney, officer or other person shall be present with the grand jury during the expression of their opinions or the giving of their votes, upon any matter before them.*"

North Dakota (1905), Sec. 9829:

"The grand jury may, at all reasonable times, ask the advice of the court or of the state attorney. The state's attorney may at all times, appear before the grand jury for the purpose of giving information or advice relative to any matter cognizable before them, and may interrogate witnesses before them whenever he thinks it necessary; but no other person is permitted to be present during their session except the members and a witness actually under examination, *and no person whomsoever must be permitted to be present during the expression of their opinions or the giving of their votes upon any matter before them.*"

Oklahoma (1893), Sec. 1714:

"*Whenever required by the grand jury, it shall be the duty of the county attorney of the county to attend them for the purpose of examining witnesses in their presence, or of giving them advice in any legal matter, or issue subpoenas and other process to enforce the attendance of witnesses,* and to draw up bills of indictments when found by the grand jury."

Oregon Laws of 1887, Sec. 1255:

"The district attorney when required by the grand jury, must prepare indictments or presentments for them and attend their sittings to advise them in relation to their duties, or to examine witnesses in their presence; but no person other than the district attorney or a witness actually under examination, can be allowed to be present during the sittings of the grand jury; *nor either such attorney or witness when the grand jury are deliberating or voting upon a matter before them.*"

South Dakota Code (1891), Sec. 8481:

"The grand jury may, at all reasonable times, ask advice of the court or of the district attorney. The district attorney may, at all times, appear before the grand jury for the purpose of giving information or advice relative to any matter cognizable before them, and may interrogate witnesses before them whenever he thinks it necessary; but no other person is permitted to be present during their sessions except the members and a witness actually under examination, *and no person whomsoever must be permitted to be present during the expression of their opinions or the giving of their votes upon any matter before them.*"

Tennessee Code (1896), Sec. 7041:

";Whenever required by the grand jury, the prosecuting attorney may attend before it for the purpose of giving legal advice as to any matters cognizable by them, *but shall not be present nor shall any other officer or person when the question is taken upon the finding of an indictment.*"

Utah Code (1907), Sec. 4720:

"The grand jury may, at all reasonable times, ask the advice of the court or the judge thereof, or of the district attorney, but unless such advice is asked, the judge of the court must not be present during the sessions of the grand jury. The district attorneys or attorneys for the state may, at all times, appear before the grand jury for the purpose of giving information or advice relative to any matter cognizable by them, and may interrogate witnesses before them whenever they or he shall think it necessary, but no other person shall be permitted to be present during the sessions of the grand jury, except the members, interpreters and witnesses actually under examination, *and no person must be permitted to be present during the expression of their opinions or the giving of their votes upon any matter before them.*"

Virginia Code (1904), Sec. 3988:

"* * * It shall be unlawful for any attorney for the commonwealth to go before any grand jury during their deliberations, except when duly sworn to testify as a witness, but he may advise the foreman of the grand jury, or any member or members thereof in relation to the discharge of their duties."

Washington Code (1897), Sec. 6812:

"The prosecuting attorney shall attend on the grand jury *for the purpose of examining witnesses and giving them such advice as they may ask.*"

Wisconsin Statutes of 1898, Sec. 2551:

"Whenever required by the grand jury, it shall be the duty of the district attorney of the county to attend them for the purpose of examining witnesses in their presence, or of giving them advice upon any legal matter and to issue subpoenas and other process to bring up witnesses."

Wyoming Statutes (1899), Sec. 5285:

":The prosecuting attorney or assistant prosecuting attorney, shall be at all times allowed to appear before the grand jury, for the purpose of giving information relative to any matter cognizable by them, or giving them advice upon any legal matter when they may require it; and he may be permitted to interrogate witnesses before them when they or he shall deem it necessary; *but no such attorney or any other person shall be- permitted to be present 'during the expression of their views or the giving of their votes on any matter before them."*

Maine (1903), Sec. 6, p. 969:

"The Attorney-General, county attorney, or foreman of the grand jury, shall swear or affirm, in presence of the jury, all witnesses who are to testify before them."

Georgia Code (1882), Sec. 377:

· "Clause 2.     [*Duties of the solicitor general.*]    To attend on the grand juries, advise them in relation to matters of law, and swear - and examine witnesses before them."

· Texas Criminal Code (1888), Article 394-5, p. 105:

"Art. 394.    The attorney representing the state may go before the grand jury at any time *except when they are discussing the propriety of finding a bill of indictment, or voting upon the* · *same.*

"Art. 395.    The attorney representing the state may examine the witnesses before the grand jury, and may advise as to the proper mode. of interrogating them, if desired, or if he thinks it necessary."

The only state whose statute on this subject differs from those cited above, is Arizona.

Arizona, Sec. 1416:

"The grand jury may, at all reasonable times, ask the advice of the court, of the judge thereof, or of the district attorney; but unless such advice is asked, the judge of the court must not be present during the sessions of the grand jury. The district attorney may, at all times, appear before the grand jury for the purpose of giving information or advice relative to any matter cognizable by them, and may interrogate witnesses before them

whenever they or he thinks it necessary, but no other person is permitted to be present during the sessions of the grand jury, except the members and witnesses actually under examination, or an interpreter; *and no person must be permitted to be present during the expression of their opinions or giving their votes upon any matter before them, except the district attorney."*

Before proceeding to consider and discuss the constitutional and statutory provisions of our own state on this subject, I think it may conduce to a readier understanding of what the Ohio law is, to insert at this place the decisions so far as I have been able to find them in the limited time at my disposal, which have been given by the highest authorities in other states and opinions of approved text-writers upon the various statutes cited above.

*Miller* v. *State,* 47 Fla., 272 (already cited earlier for another purpose in this decision):

"At common law the prosecuting officer, or an individual prosecutor might appear in the secret sessions of the grand jury *and conduct the evidence on the part of the Crown,* but it does not appear that it was the practice for even the prosecuting officer to be present when the vote on the bill was taken. Authorities in this country incline to the view that the prosecuting attorney and his assistant may be present during the examination of witnesses and give legal advice upon points of law, *but should retire when the vote is taken, or, if present, should remain silent* as to how the grand jury should vote on the indictment."

*State* v. *Baker,* 33 W. Va., 321:

"Will the presence of the prosecuting attorney before the grand jury vitiate an indictment? Our Code of 1868, Chapter 120, Par. 5, provided that; 'It shall be the duty of every prosecuting attorney in this state to go before the grand jury, whenever, in his opinion, the public interest will be promoted thereby, or when called upon by the foreman to do so, to aid them with his advice and assistance in the discharge of their official duties. *But he shall not be present when any vote is taken upon the finding of an indictment or presentment.'*

"*This statute has been repealed,* and for that reason it is claimed the Legislature did not intend prosecuting attorneys to go before grand juries. In the *first* place, this section made it

the duty of the prosecuting attorneys to do so, whereas, before it was not imperative. And secondly, though the Legislature may have so intended, it could only express its intention by enactment. This repeal left the subject as it was at common law. How is it at common law?"

The court then cites a number of authorities to sustain the right of the prosecuting attorney to be present for the purpose of examining witnesses and giving advice, but expressly excepts in a number of the above authorities, the right to be present during the deliberations and vote.

*Commonwealth* v. *Bradney*, 126 Pa. St., 205:

"The district attorney is the attendant of the grand jury. It is his duty as well as privilege to lay before them matters upon which they are to pass, to aid them in their examination of witnesses and to give them such general instructions as they may require. But it is his duty during discussion of the particular case and while the jurors are deliberating upon it to remain silent. It is for the jury alone to consider the evidence and to apply it to the case in hand; any attempt on the part of the district attorney to influence their action, or to give effect to the evidence adduced, is in the highest degree improper and impertinent. *Indeed, it is the better practice and the jurors have an undoubted right to require that he should retire from the room during their deliberations upon the evidence and when the vote is taken, whether or not an indictment shall be found or a presentment made.*"

*Blevins* v. *State*, 68 Ala., 94:

"It is the policy of the law that the preliminary inquiry as to the guilt or innocence of persons charged with offense against the criminal law, should be conducted in secrecy. It is in pursuit of this policy that the jurors are each sworn, 'the state's counsel, your fellows and your own you shall keep secret.' Many are the reasons for this secrecy, so variant from the publicity which must generally attend judicial proceedings. One is, that if the proceedings were public, parties charged before the jury would be informed and afforded an opportunity to escape before the deliberations of the jury were completed and process for their arrest could be issued. Another reason is that there shall be the largest freedom of discussion and deliberation by the jury, which could not well be secured if the proceedings were not secret, and all disclosure of the councils of the jury pro-

hibited. It is the protection of the jury in the freedom of discussion and deliberation the statute contemplates in excluding the presence of the solicitor, though a sworn public officer, while they are giving expression to their opinions or casting their votes.''

*Shattuck* v. *State,* 11 Ind., 473 (decided 1858; since set aside by statute of 1908) Sec. 1980.

''Syl. 4. That the better practice would be for the grand jury to permit no person to be present when they vote upon an indictment; but it seems they may permit the prosecuting attorney to be present.''

The statute of 1908, hereinbefore set out, prohibits the prosecutor from being present during the deliberations and vote of the grand jury.

*Regent* v. *People,* 96 Ill. App., 190:

''Syl. 6. There is in this state no statute forbidding the presence of the state's attorney before the grand jury when an indictment is found, and such presence is permissible under the common law.''

If by the last named decision is meant that the prosecuting attorney is permitted to examine witnesses and present evidence, the reference to the common law is correct, but if it is also intended to include the right of the prosecuting attorney at common law to be present during the deliberations and vote of the grand jury, the authorities heretofore cited upon this point, are to the contrary. It will be noticed that the last citation is from the *Appellate Court* of Illinois, while the next case which I shall cite was decided by the *Supreme Court* of that state and still stands unreversed or modified.

*Gitchell* v. *The People,* 146 Ill., 175 (decided 1893):

''Syl. 5. The prosecuting attorney may be present with the grand jury to give advice, to interrogate witnesses, to draw such bills as the jurors are prepared to find, and to give such general instructions as they may require; but he is not to influence or direct them in respect to their findings, *nor ought he to be present when they are deliberating upon the evidence, or when their vote is taken.*''

In this connection I wish to call attention to the fact that there is no statutory provision in Illinois, and that this expression of its highest court is a strong and authoritative statement of the common law upon the subject.

*United States* v. *Wells,* 163 Fed. Rep., 313 (decided 1908):

"Syl. 5. The district attorney has no right to participate in, nor to be present during the deliberations of a grand jury, nor to express opinions on questions of fact, or as to the weight and sufficiency of the evidence."

Same, page 324:

"At common law the prosecutor had no right to attend the sessions. It is even doubtful whether he had a right, unsolicited, to send indictments to the inquisitorial body for consideration. It is a familiar historical fact that the system was devised to prevent harrassments growing out of malicious, unfounded, or vexatious accusations."

30 Fed. Cas., p. 992, No. 18255, Charge of Justice Field to the grand jury (1872):

"Syl. 7. The district attorney has a right to be present before the federal grand jury at the taking of testimony, for the purpose of giving information or advice, and may interrogate the witnesses; *but he has no right to be present during the deliberations of the grand jury.*"

Same charge, p. 996:

"When your vote is taken upon a question whether an indictment shall be found or a presentment made, *no person besides yourselves should be present.*"

*United States* v. *Wells,* 163 Fed. Rep., 326, citing the Idaho Statute, "The prosecuting attorney of the county may *at all times,*" etc., the court said, p. 327:

"Giving the doctrine that the state statutes relating to practice prevail in the federal courts the greatest latitude, and this section, considering the grand jury system as administered by them its widest meaning, it must be held, in the absence of state construction, that the provision that the prosecuting attorney may *at all times* appear before the grand jury for the purpose of giving information or advice relative to any matter

cognizable by them, *was meant to confine him to those traditional duties of giving advice concerning procedure and the like, to the examination of witnesses, as expressly provided, and not to the expression of opinions or the making of arguments.*"

In Connecticut as far back as 1816, we find the court giving the following directions to the grand jury (Lung's case, 1 Conn., p. 428):

"You will retire to some convenient apartment to be provided for you by the sheriff. You will choose some one of your number to be your foreman. The attorney for the state will lay before you such bills as he may think proper and refer you to the witnesses to support them. You will cause the prisoner and the witness to come before you. *You will admit no counsel on the part of the state or of the prisoner.* You will permit the prisoner to put any proper question to the witnesses, but not to call any witnesses on his part. *You will admit no spectators to be present during your enquiries and deliberations.*"

It will be seen by an examination of the above citations of statutes that the following states expressly prohibit the prosecutor from being present during the sessions of the grand jury while they are deliberating and casting their votes, namely:

Alabama, published in 1907; Arkansas, 1904; California, 1901; Idaho, 1901; Indiana, 1908; Indian Territory, 1899; Iowa, 1897; Kansas, 1899; Kentucky, 1903; Michigan, 1897; Minnesota, 1905; Missouri, 1899; Montana, 1895; Nevada, 1900; New Mexico, 1897; New York, 1906; North Dakota, 1905; Oregon, 1887; South Dakota, 1891; Tennessee, 1896; Texas, 1888; Utah, 1907; Virginia, 1904; Wyoming, 1899; being twenty-four in all, and if to those we add Nebraska and Ohio we should have twenty-six states, all of which have practically the same statute of prohibition as to the prosecutor's presence, and it will be noticed that these statutes are those of states having codes in other respects very similar to Ohio. The following states have no provision whatever, upon the subject and may, therefore, be construed as controlled by the common law, which as we have seen from the citations of text-writers, did not permit the prosecutor to be present while the jurors were deliberating and giving their votes, namely:

Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Louisiana, Maine, Massachusetts, New Hampshire, New Jersey, North Carolina, Vermont, Rhode Island, West Virginia, but even in these states we have seen that several of them, namely, West Virginia (*State* v. *Baker*, 33 W. Va., 321); Illinois (*Gitchell* v. *People*, 146 Ill., 175); Florida (*Miller* v. *State*, 47 Fla., 272), and Connecticut (Lung's case, 1 Conn., 428), have decided, in the absence of any express statute on the subject, that the prosecutor should not be present during the deliberations of the grand jury. Omitting these four states, there will just be eleven which have no provision in regard to the presence of the prosecutor at any time before the grand jury.

There are then four other states, Mississippi, Oklahoma, Wisconsin and Maryland, which so far as I have been able to discover, have some provisions in relation to the duties of the prosecutor before the grand jury, but neither permit nor prohibit his presence, and which may, therefore, be assumed to follow the common law in this regard.

There is but a single one of the states which in direct language authorizes his presence during the deliberations and voting, and that state is Arizona. This statement shows conclusively the great preponderating opinion of the legislators in the different states that the grand jury should be alone, at least during its deliberations and voting.

When we stop to consider that the conditions in these states are practically the same as in our own, that the same language is spoken, the same fundamental principles underlie their local government, the same reasons exist for the protection of the lives and liberties of their citizens by the use of all proper safeguards; that the codes of these states are copied after those of each other and tend to uniformity upon all the great and important subjects of legislation, we can not but feel that the same influences through which these restrictions were placed upon the statutes of the states in the first group which I have named, must have had weight in the legislation upon the same subject in this state, and that Ohio and Nebraska, two of the most enlightened and progressive states in the country, would most likely

line up with the great majority of all the states in the Union, rather than to stand alone with Arizona, the only state which permits the prosecutor's presence.

Constitution of Ohio (1802), Article B-III:

"Sec. 10.   That no person   *   *   *   shall be put to answer any criminal charge but by presentment, indictment or impeachment."

Constitution of Ohio (1852), Article 1:

"Sec. 10.   Except in cases of impeachment, and cases arising in the army or navy, or in militia when in active service in time of war and public danger, and in cases of petit larceny and other inferior offenses, no person shall be held to answer for a capital or otherwise infamous crime, unless on presentment or indictment of a grand jury."

The grand jury system as shown by the above citations from the two Ohio Constitutions, has been recognized and in force during the entire existence of the state, and legislation thereupon dates back to the very first volume of Ohio laws under the Constitution of 1802.

In the absence of express legislation upon the subject, the common law procedure as to the right of the prosecuting officer to be present with the grand jury during its session, was fully recognized and in force, and as we have seen from the textwriters, no authority was given in common law to the prosecutor to attend its sessions, except perhaps for the purpose of examining witnesses and giving the grand jury legal advice upon matters cognizable by the grand jury, when requested by it to do so.

The first act upon this subject was the following:

66 Ohio Laws, p. 298 (passed May 6, 1869):

"Sec. 73.   The prosecuting attorney or the assistant prosecuting attorney, shall be allowed at all times to appear before the grand jury for the purpose of giving information relative to any matter cognizable by them, or giving them advice upon any legal matter *when they may require it, and he may be permitted to interrogate witnesses before them when they or he shall deem it necessary; but no such attorney nor any other person shall be*

*permitted to be present during the expression of their views, or the giving of their votes on any matter before them."*

As neither the prosecutor nor any other person, under the common law, had such right referred to in the last clause of this section, this clause may properly be construed as merely declaratory of the common law as it existed at the time the act was passed:

The next legislation upon the subject was the following:

69 Ohio Laws, p. 3 (passed February 1, 1872):

"Sec. 73. The prosecuting attorney or the assistant prosecuting attorney, shall be allowed at all times to appear before the grand jury for the purpose of giving information relative to any matter cognizable by them, or giving them advice upon any legal matter they may require, and he may interrogate witnesses before them when they or he shall deem it necessary, but no other person shall be permitted to remain in the room with said grand jury while they are expressing their views or giving their votes on any matter before them."

It will be seen that this last act amends that of May 6, 1869, in several particulars as follows:

| 66 O. L., p. 298 (May 6, 1869): | 69 O. L., p. 3 (Feb. 1, 1872): |
|---|---|
| "Giving them advice upon any legal matter when they may require it." | "Giving them advice upon any legal matter they may require." |
| "and he may *be permitted* to interrogate witnesses." | "and he may interrogate witnesses." |
| "but no such attorney, nor any other person shall be permitted to be present during the expression of their views," etc. | "but no other person shall be permitted to remain in the room with said jury while they are expressing their views," etc. |

A comparison of these will show that the real object of amending the 66 Ohio Laws, p. 298 (passed May 6, 1869), was to give the prosecutor an *absolute right* independent of the grand jury to be present for the purpose of examining witnesses and presenting matters for their consideration, instead of merely being *permitted* to do so at the pleasure of the grand jury.

Thus the language in the earlier act is, *"He may be permitted to interrogate witnesses,"* etc.; in the later, *"He may interrogate witnesses,"* etc.

Under the former he would first have had to get the *permission of the grand jury* to interrogate witnesses, etc.; under the latter he had that right without needing such permission.

In the earlier act he might give them advice upon any matter only *"when they may require it"*; under the later he might give them advice upon any legal matter *"they may require"*; and he, as well as they, had the right to determine when they required such legal advice and could give it when he might think it necessary without waiting for them to require it of him.

These two amendments made our statute conform to the laws generally upon the same subject in other states and were sufficient to warrant the amendment of the earlier act.

As to the effect of the amendment which dropped the words *"no such attorney,"* in the last clause, if we are right in the view we take of the common law, these words were mere surplusage and were merely declaratory of the common law. The clause would have been equally as effective for this purpose if these words had been omitted in the act of 1869 (as was the case in the act of 1872), as the undoubted intention of the former act was to have no other person in the grand jury room with the grand jury while they were expressing their views or giving their votes.

The dropping of these superfluous words still left the act declaratory of the common law and should be so construed, unless the language of the amended act clearly imported an intention to change the common law.

*State* v. *Fronizer,* 77 O. S., 16:

"It is an equally well established rule that the General Assembly will not be presumed to have intended to abrogate a settled rule of the common law, unless the language used in a statute clearly imports such intention."

*Felix* v. *Griffith,* 56 O. S., 39:

"Syllabus 2. In giving construction to a provision of a statute which attempts to abrogate or modify a well established rule of the common law, the scope of the provision should not be extended beyond the plain import of the words used, if reasonable effect can otherwise be given to it."

*Orloff* v. *Schueller,* 72 O. S., 41:

P. 59: "When we consider that to give Section 5531 the force and effect claimed for it  *  *  *  is to abrogate a well and firmly established rule of law, presumably known to the Legislature at the time of the enactment of said section, we think we may well conclude that if the Legislature had intended thereby  *  *  *  it would not have left its purpose and intention in that behalf to *implication* or to be discovered only through the medium of *judicial interpretation.*"

*Swazey* v. *Blackman,* 8 Ohio, 20:

"If every alteration in the law were to authorize new views and new rules, there never would be any certainty. It is very common in framing new statutes to *omit clauses* which were contained in antecedent ones merely because they were unnecessary and superfluous."

*Hamilton* v. *State,* 78 O. S., 83:

"It is a well settled rule of statutory construction that in the amendment or revision of statutes, the mere change of phraseology or the mere omission of words which are deemed redundant does not indicate a legislative intent to change the pre-existing law."

If, therefore, the clause, left after dropping from the act of 1869 the words "no such attorney," leaves language complete in itself to express the legislative intent, and especially, if the present act is strictly in conformity to the common law and analogous to the statutes of over one-half the other states, is it not a conclusion, almost, if not quite final, that the Legislature in passing the act of 1872 intended this clause to have a similar construction? Now, does the clause, taken by itself, have that certainty of meaning necessary to establish a legislative intent? It reads as follows:

"No other person shall be permitted to remain in the jury room with said jury while they are expressing their views or giving their votes on any matter before them."

Is not this clause clear in its meaning that the "no other person," has reference to *no other person than the grand jury?*

But it may be claimed that, as the preceding clauses in this

section relate to certain privileges given to the prosecutor, the phrase "no other person" must refer to him and not to the grand jury. An examination of the clause before the one under discussion shows that the prosecutor may examine witnesses before the grand jury. At the time of such examination there would necessarily be present the grand jury, the prosecutor and the witnesses. If we are asked to draw an inference from the disputed clause that the *prosecutor* may be present during the deliberations and voting of the grand jury, why is it not equally as logical and grammatical to infer that this disputed clause permits the *witnesses* also to be present?

If we must look to an antecedent part of the section to determine who the "no other person" refers to, why not make it applicable to the *witnesses* as well as the *prosecutor* who are both mentioned in the preceding clause, so that the section would be construed as if it read "No other person than the *prosecuting attorney* or *witnesses* shall be permitted to remain," etc.

This would be just as logical as to say that it refers to the prosecutor alone. And yet such a rendition of the meaning of the clause would be manifestly untenable and absurd. From a logical point of view, the only rational construction that can be given to the language used, even from merely grammatical considerations, is that it means "no other person than the grand jury."

But apart from this reason, we find evidence that is most convincing in other provisions of the same chapter. Sections 7191 and 7192 prescribe the oath taken by the foreman and the grand jury. In it is the following:

"The counsel of the state, your own and your fellows, *you shall keep secret*, unless called on in a court of justice to make disclosures."

So much stress is laid upon this obligation of *secrecy* in the oath that Section 7193 requires that they shall be charged by the court, "who shall call their attention *particularly* to the obligation of *secrecy* which their oaths impose." * * *

The stenographer who takes the testimony under Section 7195 "shall take an oath to be administered by the court after

the grand jurors are sworn, imposing an obligation of *secrecy.*" * * *

Section 7205 provides that:

"No grand juror shall be allowed to state or testify in any court in what manner he or other members of the grand jury voted on any question before them or what opinion was expressed by any juror in relation to such question."

Comparing Section 7191 with Section 7205, it will be seen that, although the grand jurors may make disclosures in a court of law as to *some* of the things which transpired in the grand jury room, so much sanctity is given to their *deliberations and voting* that even in a court of law they shall not be compelled nor even permitted to make disclosures concerning them.

Yet it is claimed the prosecuting attorney and his assistants, who are bound by no special oath or obligation in this respect, may be present, hear their discussions and become aware as to how each member voted. Why all this secrecy which hedges in the grand jury at every stage of their proceedings if the prosecutor and any or all of his assistants may have this exceptional privilege?

But it may be urged that the prosecutor is sufficiently bound by his general oath of office and that he needs no additional or special obligation of secrecy. So is a judge bound by his official oath and a bailiff by his, and yet neither a judge nor bailiff would be permitted to claim the right to be present at any time during the sessions of the grand jury.

But it may be said that the statute expressly permits the prosecutor, but not the judge or bailiff, to attend their sessions and that it is by reason of the statute that the prosecutor claims this right. This would be a sufficient argument if the statute actually gave him *affirmatively* any such right. It does give him such affirmative right as to the first part. This is the language:

"The prosecuting attorney, or assistant prosecuting attorney *shall be allowed* * * * and *he may interrogate* witnesses." * * *

These are specific grants of authority. But the right to be present during the deliberations and voting of the jury can be claimed, if at all, by mere inference or implication only. Nowhere, either in this chapter or in other statutes relating to the duties, authority and privileges of the prosecuting attorney is there any direct or affirmative privilege of the kind referred to set out.

Can it be that the Legislature, after enjoining so strongly the obligation of secrecy upon the jurors themselves, intended, by mere implication or inference, to permit the prosecutor to be present when by the addition of three words, "than the prosecutor," after the word "person" they could have made such intent clear and affirmative? Especially is such a supposition untenable when we reflect that the Legislature, theoretically at least, were aware of stringent provisions in the statutes of other states which expressly prohibited the presence of the prosecutor at such time.

Let us stop to think how it is in civil cases in which the county or state is a party and for which the prosecutor appears before the petit jury as its attorney. He prepares the pleadings, issues process for witnesses, examines them in court, presents his evidence and makes his argument on behalf of his client; but when the trial jury closes its door and retires for consultation no prosecutor, assistant or any other person, is permitted to be present with the jury while they deliberate and vote.

If such precautions are taken to protect the rights of parties to a civil suit, involving only a question of dollars and cents, shall we say that the criminal law, whose whole theory is based on the principle of protecting the rights of the accused and the presumption of his innocence until proven guilty beyond a reasonable doubt, shall be less particular in seeing that no improper influence shall affect the minds of the grand jurors, who are called upon to pass on not merely monetary damages but upon charges affecting the lives, the liberties and the good names of their fellow beings?

It is conceded by the authorities without exception that even if the prosecutor, by inadvertence or ignorance of the law, should

remain in the room with the grand jury during their delibera-
tion and voting, he should not be permitted to use any influence
or to offer any suggestion as to their finding or not finding an
indictment.   But if that is the case, why permit him there at
all?   Why the vain thing of allowing his presence and at the
same time preventing his talking or taking any other part with
the jury?

U. S. v. *Kilpatrick*, 16 Fed., 770:

"Their findings must be their own, uninfluenced by the
promptings or suggestions of others, or the *opportunity* thereof."

That the theory that the dropping of the words "no such at-
torney" as merely surplusage is correct as sustained, possibly
only to a slight extent, but worthy of some reference, by the
changes in the revision of the same act in 74 Ohio Laws, 330,
which amended 69 O. L., 3, by dropping out, on line 4, the super-
fluous words "giving them" before the word "advice"; chang-
ing the words "they may require" into "when required" on
line 5; substituting the word "jury" instead of "them," "it"
instead of "they" and "deems" instead of "deem" on line 6;
and substituting "the jury" instead of "said jury" and
"jurors" instead of "they" in line 8.

These changes are entirely grammatical and yet to make them
the Legislature took the trouble to amend the previous act al-
though such amendment made no change, apparently, in the
meaning of the act, but merely used more appropriate language
to convey the same intent.

Why may not the same motive have been sufficient to account
for the amendment made in the act of 1869 in dropping as
superfluous the restriction on the prosecuting attorney's pres-
ence?   But whether this was one reason for the new act is of
minor importance when we recall that other important changes
were put into the amendment previously referred to, which
changes would have of themselves been sufficient to warrant
their amendment.

A casual inspection of the phrase "at all times," which occurs
in line 2 of Section 7195, might give the impression that these
words are to be construed in an unrestricted sense; but an ex-

amination of the other provisions of the statute show that it is limited to the purposes named in the section, viz., "giving information relative to any matter cognizable by it, or advice upon any legal matters when required" and to "interrogate witnesses before the jury when it or he deemed it necessary."

This expression "at all times" is found in practically every one of the statutes of the other states which I have heretofore cited and, with one or two exceptions, is followed by the same restriction upon the prosecutor's presence during the deliberation or voting of the jury that we find in Section 7195; showing that the words are to be taken in their limited sense and only with reference to the purposes set out, so that when the phrase "at all times" is used it means at all times *except* while they are deliberating or casting their votes.  This is expressly stated in the last published opinion of and federal court upon this subject, viz.:

U. S. v. *Wells*, 163 Fed., 327: ·

"It must be held, in the absence of state construction, that the provision that the prosecuting attorney may *at all times* appear before the grand jury for the purpose of giving information, or advice relative to any matter cognizable by them, was meant to confine him to those *traditional duties* of giving advice concerning procedure and the like, to the examination of witnesses as expressly provided and *not* to the expression of opinions or the making of argument."

That this is the meaning of the phrase there can be no doubt, for surely if a clause in one section of an act permits the presence of the prosecutor at all times and another one prohibits his presence during some of the times it can only mean that the phrase is limited to those times for which the purposes are set forth.

City v. *Mochwart*, 75 O. S., 538:

"The fundamental inquiry in all judicial construction being to ascertain the intent of the Legislature and the object to be attained by the particular enactment, these considerations will control the literal interpretation of the language used in the act itself.  And where the meaning of the statute is doubtful, the construction most agreeable to reason and justice should be

adopted as the one most probably embodying the intention of the law maker.'' ·

*Stevenson* v. *State*, 70 O. S., 11:

This was a criminal case involving the question as to the effect of an amendment concerning challenges for cause, the words ''for cause'' being in the original statute, but omitted in the amended one; the court said, p. 15:

''As originally passed (66 O. L., 307), this provision reads as follows: 'The same challenges for cause shall be allowed in criminal prosecutions that are allowed to parties in civil cases.' By subsequent revisions of the section of which this paragraph was a part, the phraseology of the section has been changed and the words 'for cause' have been omitted from this paragraph; yet the change so made is not such as to evidence any design or purpose on the part of the Legislature to thereby extend its provisions or to make them apply to causes of challenge other and different from those specified in the paragraph as originally enacted; and the rule is well established by the repeated adjudications of this court that 'in the revision of statutes neither an alteration in phraseology nor the omission or addition of words in the latter statute shall be held necessarily to alter the construction of the former act.' And the court is only warranted in holding the construction of a statute when revised, to be changed, when the intent of the Legislature to make such change is clear or the language used in the new act plainly requires such change of construction.''

Wilson's Works:

''The purpose of the institution of grand juries was, as we have seen, to interpose a check upon the sovereign and they would cease to answer this purpose and would increase the danger they were intended to avoid if they should be put under the official direction of the prosecuting authorities of the state.''

It is not a question as to whether any particular prosecutor would attempt to persuade or influence a grand jury improperly; it is whether *any* prosecutor might do so. Nor is it entirely a question as to whether his influence may be exerted by words or acts. His mere presence has its influence and the ordinary juror would be more or less controlled by such presence and, in the language of the court in *Miller* v. *State*, 28 So., 208, ''the

unbiased judgment of the jury on the merits of a case would be invaded.''

*U. S.* v. *Wells,* 163 Fed., 326 (1908):

''At the common law the prosecuting officer had no right to attend the sessions of the grand jury at all, and it is only by virtue of statutes and modified procedure that he may now be present in the jury room.''

I am informed by John E. Bruce, Esq., who, for eight years was assistant district attorney, that Judge Hammond of the federal court, while acting in Judge Sage's place, charged the grand jury that during their deliberations, and while voting, they must be absolutely alone and that the district attorney, although permitted to be present during the presentation of evidence and examination of witnesses, must not remain in the room with the grand jury during their deliberations and voting.

Judge Albert C. Thompson, the present district judge, informs us that the charges to the grand jury which he has given have invariably contained the same instruction.

This view of the law by two such eminent authorities is entitled to great weight in construing the statute under consideration.

The conclusion which I reach, by the great weight of authorities, similar statutes of other states, the consensus of opinion of text-writers and the reason and spirit of the law, as well as the grammatical sense and meaning of the language used is, that while the prosecutor has the right at all times to appear before the grand jury for the purpose,

First, of giving information relative to any matters cognizable by it;

Second, of advising it upon any legal matter when required;

Third, of interrogating witnesses before the jury when it or he deems it necessary;

he has no right to remain in the room with the jury while the jurors are expressing their views or giving their votes on any matter before them.

In conclusion, I feel that it would be proper to cite a further extract from the charge of Judge Field, found in 2 Sawyer, C. C., 667, which is recognized as a classic upon this subject:

Charge of Judge Field:

"The institution of the grand jury is of very ancient origin in the history of England; it goes back many centuries. For a long period its powers were not clearly defined and it would seem from the accounts of commentators on the laws of that country that it was at first a body which not only accused but which also tried public offenders. However this may have been in its origin, it was, at the time of the settlement of this country an informing and accusing tribunal only, without whose previous action no person charged with a felony could, except in certain special cases, be put upon trial. And in the struggles which at times arose in England between the powers of the king and the rights of the subject, it often stood as a barrier against persecution in his name; until, at length it came to be regarded as an institution by which the subject was rendered secure against oppression from unfounded prosecutions of the crown.

"In this country, from the popular character of our institution, there has seldom been any contest between the government and the citizen which required the existence of the grand jury as a protection against oppressive action of the government. Yet the institution was adopted in this country and is continued from considerations similar to those which gave to it its chief value in England and is designed as a means, not only of bringing to trial persons accused of public offenses upon just grounds, but also as a means of protecting the citizen against unfounded accusation, whether it comes from government, or be prompted by partisan passion or private enmity.  *  *  *

"It has been said that since there is no danger to the citizen from the oppression of a monarch or of any form of executive power, there is no longer need of a grand jury. But whatever force may be given to this argument, it remains true that the grand jury is as valuable as ever in securing  *  *  *  individual citizens from an open and public accusation of crime and from the trouble, expense and anxiety of a public trial before a probable cause is established by the presentment and indictment of such a jury; and in case of high offenses it is justly regarded as one of the securities to the innocent against hasty, malicious and oppressive public prosecutions.

."It is never to be forgotten that in the construction of the language of the Constitution here relied on, as indeed in all other instances where construction becomes necessary, we are to place ourselves as nearly as possible in the condition of the men who framed that instrument. Undoubtedly the framers of this article had for a long time been absorbed in considering the

arbitrary encroachments of the crown on the liberty of the subject and were imbued with a common law estimate of the value of the grand jury as part of the system of criminal jurisprudence.

"They therefore meant to be understood to have used the language which they did in declaring that no person 'should be called to answer for any capital or otherwise infamous crime except upon an indictment or presentment of a grand jury' in the full sense of its necessity and of its value."

To which may be added the following American authority upon constitutional law:

Story on Constitution, Section 1785:

"Grand juries perform most important public functions and are a great security to the citizens against vindictive prosecution either by the government or by political partisans or by private enemies."

The charge covering this point which I gave at the beginning of the April term was identical with that given by Judge O'Connell at the January term, which, at that time, seemed to attract no particular attention.